UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

                                            Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.,

        Defendants.
_____/

## MOTION OF THE PINELLAS COUNTY SHERIFF'S OFFICE TO DISMISS PLAINTIFF'S COMPLAINT

The Pinellas County Sheriff's Office moves to dismiss for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) because the PCSO is not a legal entity. It cannot be sued.

## MEMORANDUM OF LAW

### I. RELEVANT BACKGROUND

This is a § 1983 lawsuit against Pinellas County Sheriff Bob Gualtieri and fourteen other defendants in which the plaintiff seeks redress for wrongs that allegedly befell her while incarcerated in the Pinellas County Jail. Among those sued is the "Pinellas County Sheriff's Office," which the plaintiff identifies in her complaint as a separate and distinct entity from the Sheriff in his official capacity. Compare Dkt. 1, at 3 ¶ 5, with id. ¶ 7. Specifically, the plaintiff claims that "PCSO is a political subdivision of the State of Florida with the capacity to sue and be sued,

and which operates the Pinellas County Jail." Id. ¶ 7. As explained below, this Court has repeatedly and consistently found that, as a matter of law, there is no such thing under Florida law as a sheriff's "office" or "department." The PCSO must be dismissed.[1]

## II.   STANDARD OF REVIEW — MOTION TO DISMISS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain more than "labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal quotation omitted) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)). Furthermore, although the well-pled allegations in the complaint are "viewed in the light most favorable to the plaintiff," Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007), "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 677 (internal quotation omitted). Even if the facts are well-pled, the court cannot "infer more than the mere possibility of misconduct" if the complaint merely alleges and does not "show" that the pleader is entitled to relief. Id. at 678.

---

[1] The plaintiff also separately sued "Pinellas County." Dkt. 1, at 3 ¶ 6. Under Florida law the Sheriff, not the County, operates the jail. Pinellas County Ord. § 74-61(b)(1) ("As provided for in F.S. § 951.06, the Pinellas County sheriff is hereby designated as the chief correctional officer."). See Fla. Stat. § 951.06 (providing that county commission shall designate chief correctional officer); Fla. Stat. § 951.061 (county may designate sheriff as chief correctional officer).

Although a court must generally accept all factual allegations in a complaint as true, it need not accept "conclusory allegations and unwarranted deductions of fact." South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) ("As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss."). "[B]ald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

### III. THE PINELLAS COUNTY SHERIFF'S OFFICE MUST BE DISMISSED BECAUSE IT IS NOT A LEGAL ENTITY

The capacity to be sued in federal court is governed by the law of the state in which the court is located. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Under Florida law, there are constitutionally created political subdivisions called "counties" and separately created constitutional officers, including a sheriff. Fla. Const. Art. VIII, §§ 1(a) & (d). See also Fla. Stat. ch. 30 (delineating the powers of the Sheriff, who is an individual, constitutional officeholder). However, under Florida law, "no provision is made constitutionally or statutorily for a 'Sheriff's Office' as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Office or Department given authority to be sued in such a name." Oates v. Jackson County Sheriff's Office, No. 5:09-cv-303, 2010 WL 785657, at *2 (N.D. Fla. Mar. 4, 2010). See Dean, 951 F.2d at 1214 ("Sheriff's departments . . . are not usually considered legal entities subject to suit."); Evans v. Monroe County Sheriff's Dep't, 148 Fed. Appx. 902, 903 (11th Cir. 2005) ("[T]he Sheriff's Department was not a legal entity subject to suit.").

Consistent with the Eleventh Circuit's holding in Dean, this Court has repeatedly found that a sheriff's office — and, specifically, the Pinellas County Sheriff's Office — is not "an entity susceptible to suit." Roberson v. Pinellas County Sheriff's Office, No. 8:17-cv-1380-T-23MAP, 2018 WL 1877458, at *1 (M.D. Fla. Apr. 19, 2018) (Merryday, J.). See Russo v. Chronister, No. 8:20-cv-260-T-60AAS, 2020 WL 5106685, at *2 (M.D. Fla. Aug. 31, 2020) (Jung, J.) ("Because a sheriff's office lacks the legal capacity to be sued under Florida law, the claim against the Pinellas County Sheriff's Office is dismissed."). Accord Mann v. Hillsborough County Sheriff's Office, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996) (finding that "Hillsborough County Sheriff's Office" was not a legal entity capable of being sued); Paylan v. Bondi, No. 8:15-cv-1366, 2016 WL 7131585, at *11 (M.D. Fla. Mar. 7, 2016) ("[T]he Hillsborough County Sheriff's Office is an improper party.") (Porcelli, M.J.). Accordingly, the Court should dismiss the Pinellas County Sheriff's Office from this case for failure to state a claim on which relief can be granted.

    Respectfully submitted,

    /s/ Paul G. Rozelle
    Paul G. Rozelle
    FBN: 75948
    10750 Ulmerton Road
    Largo, FL   33778
    Telephone:  (727) 582-6274
    Facsimile:  (727) 582-6459
    *prozelle@pcsonet.com*
    *amarcott1@pcsonet.com*
    Attorney for the Pinellas County Sheriff's Office

## **CERTIFICATE OF SERVICE**

On September 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                                     /s/ Paul G. Rozelle