UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

        Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.

        Defendants.
_____/

## MOTION TO DISMISS OF COLONEL DANZIG

Colonel David Danzig moves to dismiss the complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and because the complaint is an impermissible shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2) and he is entitled to qualified immunity for the claims asserted against him.

## MEMORANDUM OF LAW

### I.    RELEVANT BACKGROUND

1. "Karla Bello" is the *nom de plume* of Carlos Raul Bello Nogueda. Bello is transgender. She is identified as male on her birth certificate, Dkt. 1, at 19 ¶ 103, but identifies as female and has been living as a woman, id. at 10 & 12 ¶¶ 42 & 58.

2. This lawsuit arises from Bello's incarceration in the Pinellas County Jail. Bello was booked into the jail on a bench warrant after she failed to appear in court on a charge of driving on a suspended license (which was suspended after she failed to pay several traffic citations). Dkt. 1, at 11 ¶¶ 49-55; Dkt. 1-7, at 32 (capias).

3. Bello was incarcerated 12 days. She was booked on November 29, 2019, Dkt. 1, at 12 ¶ 57, and released on December 10, 2019, Dkt. 1-7, at 29.

4. The gravamen of the complaint is that the defendants engaged in "concerted attacks on [Bello] solely because of her transgender status" by

- "forcing her to live in the male population"

- "forcing her to shower with and expose herself to, members of the male sex, including both" inmates and employees

- "forced removal of her undergarments by male Pinellas County Jail employees"

- refusing "to allow the Plaintiff to wear female undergarments"

- "dehumanizing Plaintiff"

- "refusing to provide any medical aid for her serious and debilitating withdrawal symptoms caused by their refusal to provide Plaintiff with her hormones and other medications"

- having male officers "forcibly search[]" her, and

- "dehumanizing Plaintiff's gender identity by refusal to acknowledge that she is a woman."

Dkt. 1, at 27 ¶¶ 138, 141 & 144.

5. Bello sued 12 members of the Pinellas County Sheriff's Office, including Col. Danzig. Bello also sued Sheriff Gualtieri in his official capacity, the Pinellas County Sheriff's Office, Pinellas County, and 10 unidentified and unserved

John and Jane Doe defendants. The PCSO moved to dismiss. Dkt. 7. Bello did not respond to the motion. Pinellas County also moved to dismiss. Dkt. 11.

6. Despite suing Col. Danzig, Bello does not claim that he engaged in any of the conduct enumerated above. Indeed, there are only two factual averments concerning Col. Danzig in Bello's 31-page complaint.

7. First, Bello claims that an incident where she complained of chest pain was "reported to" Col. Danzig. Dkt. 1, at 14 ¶ 71 (citing Dkt. 1-8, at 2).

8. Bello does not claim that Col. Danzig had anything to do with this incident other than that he received a report of it. Bello does not contend that anything Col. Danzig did or failed to do in connection with this "report" or the underlying events described in the report was unconstitutional.

9. Second, Bello claims that a separate "incident" involving the inventory and placing of some of her personal items in inmate property was "reported to . . . Danzig." Dkt. 1, at 15 ¶ 80 (citing Dkt. 1-9, at 2).

10. Once again, Bello does not claim that anything Col. Danzig did or failed to do in connection with the this incident is actionable.

11. In short, Bello does not allege that Col. Danzig had any personal involvement in any of the actions giving rise to the claims for relief in the complaint.

12. Nevertheless, Bello asserts three claims for relief arising under 42 U.S.C. § 1983 against Col. Danzig, all of which are based on the same enumerated list of factually unsupported grievances detailed above. See *infra* at 2 ¶ 4.

13. Two claims are under the Fourteenth Amendment (Counts IV and VI). The third arises under the Eighth Amendment (Count V). There is no clear distinction between the two separately pleaded Fourteenth Amendment claims (they incorporate the same averments, concern the same conduct, and are asserted against the same defendants). There is similarly no distinction between the Eighth Amendment claim and the two Fourteenth Amendment claims: that claim, too, incorporates and concerns the same factual averments.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss for Failure to State a Claim

A plaintiff must plead sufficient facts to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the plaintiff must still provide the factual grounds for the entitlement to relief. Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). It is not enough for a complaint to contain mere "labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal quotation omitted) (citing Twombly, 550 U.S. at 545).

In evaluating the sufficiency of a complaint on a motion to dismiss, the well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). However, "factual allegations

must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[B]ald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

B. **Qualified Immunity**

A government official who acts within his or her discretionary authority is immune from suit under § 1983 unless the official's conduct "violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010) (quotations omitted), cert. dismissed, Timoney v. Keating, 562 U.S. 978 (2010). Qualified immunity is conferred unless a plaintiff demonstrates "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (internal quotation marks omitted).

To strip a government official of qualified immunity, pre-existing law at the time of the alleged acts must have provided fair warning that his or her action was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (2002). The law that the official seeking qualified immunity allegedly violated "must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc), *abrogated on other grounds by* Hope, 536 U.S. 730 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). An officer is entitled to qualified immunity if

5

"officers of reasonable competence could disagree on th[e] issue . . . ." Malley v. Briggs, 475 U.S. 335, 341 (1986). The unlawfulness of the conduct in question must be "apparent." Bashir v. Rockdale County, 445 F.3d 1323, 1330-31 (11th Cir. 2006).

### III. BELLO'S EIGHTH AMENDMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE

The complaint contains a claim for relief under the Eighth Amendment. Dkt. 1, at 28-29 ¶¶ 140-42 (Count V). However, the Eighth Amendment's prohibition against cruel and unusual punishment only applies after conviction. Whitley v. Albers, 475 U.S. 312, 327 (1986) (noting that Eighth Amendment "is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions"); Ingraham v. Wright, 430 U.S. 651, 671, n. 40 (1977) (noting that Eighth Amendment standards apply "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). The complaint describes Bello's 12-day incarceration as occurring prior to her adjudication. Dkt. 1, at 12 ¶ 57; Dkt. 1-7, at 29.

The Court should dismiss the Eighth Amendment claim because none of the acts or omissions about which Bello complains occurred following judgment and sentence. The Court can judicially notice that Bello pleaded guilty and was convicted and sentenced on March 12, 2020. See State v. Bello Nogueda, Case No. AC7QEYE (6th Jud. Cir., Pinellas County) (Bello's guilty plea of Mar. 12, 2020). See also Bey v. Vega, 588 Fed. Appx. 923, 926-27 (11th Cir. 2014) (taking judicial notice of state court criminal docket on motion to dismiss). All of the conduct about

which Bello complains occurred between November 29, 2019, and December 10, 2019.  Accordingly, her Eighth Amendment claim should be dismissed for failure to state a claim on which relief can be granted.  Lancaster v. Monroe County, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (holding that treatment of a pre-trial detainee is not governed by the Cruel and Unusual Punishment Clause of the Eighth Amendment, which "governs an official's treatment of a convicted prisoner").

## IV. BELLO'S FOURTEENTH AMENDMENT CLAIMS AGAINST COL. DANZIG SHOULD BE DISMISSED

As noted above, despite the Complaint's heft, nowhere does Bello aver that Col. Danzig had any involvement in any of the conduct she claims unconstitutionally befell her.  Specifically, nowhere in Bello's complaint does she claim that Col. Danzig had any involvement in any of the allegedly unconstitutional actions enumerated in paragraphs 138 (Count IV) or 144 (Count VI).  This alone merits the dismissal of Col. Danzig from this lawsuit.

Furthermore, among the fundamental flaws in Bello's Fourteenth Amendment claims — there are two such duplicative claims pleaded in the complaint — is her contention that Col. Danzig is liable because of "disparate impact" on her of the jail's policies.  Bello claims that Col. Danzig (and 11 other defendants) "maliciously deprived [her] of her Fourteenth Amendment rights by treating her differently from non-transgender prisoners, constituting discrimination on the basis of sex . . . ." Dkt. 1, at 27 ¶ 138.  See also id. at 18 ¶ 95 (citing Bostock v. Clayton County, 590 U.S. __, 140 S. Ct. 1731 (2020)).

Setting aside that the complaint contains no averments that Col. Danzig had any involvement with the jail's policies (or even what the material particulars of those policies are), this is not a Title VII case like Bostock. No precedental court has held that Title VII's disparate impact analysis has any bearing on a prisoner's lawsuit pertaining to her conditions of confinement under § 1983. Indeed, the converse is true. Allegations of disparate impact, without more, do not state a cognizable equal protection claim. Washington v. Davis, 426 U.S. 229, 242 (1976). Regardless, as noted above, Bello's complaint contains no factual averments that Col. Danzig discriminated against her in any way.

Finally, no precedental Court has ever held that transgender female inmates like Bello are similarly situated to cisgender female inmates for purposes of an equal protection claim. The absence of any constitutional authority for that proposition entitles Col. Danzig to qualified immunity. Because amendment would be futile — Bello cannot change the state of the law in December 2019 — dismissal with prejudice on a finding the Col. Danzig is entitled to qualified immunity is warranted.

## V. BELLO'S COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING

A pleading must comply with Fed. R. Civ. P. 8(a)(2) by setting forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Doing so ensures proper notice to each defendant of the precise claims alleged against him. Seagood Trading Corp. v. Jerrico, Inc., 924 F.2d 1555, 1576 (11th Cir. 1991). The Eleventh Circuit has consistently held that shotgun pleadings — complaints

8

"containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" — are ripe for dismissal. <u>Weiland v. Palm Beach County Sheriff's Office</u>, 792 F.3d 1313, 1321 (11th Cir. 2015).

Bello's complaint is a quintessential "shotgun pleading." All claims against all 15 defendants are comingled together and incorporate all factual allegations asserted against them, resulting in intertwined and confusing claims for relief that are riddled with the duplicative, immaterial, and irrelevant allegations. Indeed, Bello impressively commits all four sins of impermissible shotgun pleading. In addition to "the mortal sin of re-alleging all preceding counts," her complaint commits the "venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action . . . the sin of "not separating into a different count each cause of action or claim for relief . . . [and even] the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. Her complaint should be dismissed.

## VI. CONCLUSION

For the reasons set forth above, Bello's complaint against Col. Danzig should be dismissed and the Court should grant such other relief as it deems just and appropriate.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Col. David Danzig

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 22, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle