UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

                                        Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.

        Defendants.
_____/

**MOTION TO DISMISS OF CAPTAIN NAPIER**

      Captain Jesse Napier of the Pinellas County Sheriff's Office moves to dismiss the complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), because the complaint is an impermissible shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2), and because he is entitled to qualified immunity. As explained below, Capt. Napier should be dismissed for the same reasons as Col. David Danzig.  Dkt. 14 (Col. Danzig's motion to dismiss).  The averments and claims against both of them are exactly the same.

**MEMORANDUM OF LAW**

**I.    THE CLAIMS AGAINST CAPT. NAPIER SHOULD BE
      DISMISSED FOR THE REASONS SET FORTH BY COL.
      DANZIG IN HIS MOTION TO DISMISS**

      1.    Captain Napier is among the dozen members of the Pinellas County Sheriff's Office the plaintiff has sued claiming constitutional dissatisfaction with the conditions of her 12-day incarceration in the Pinellas County Jail.

2. The factual averments in the plaintiff's complaint pertaining to Capt. Napier are exact duplicates of those relating to Col. Danzig. See Dkt. 1 ¶¶ 71 & 80.

3. The claims against Capt. Napier are the same as those asserted against Col. Danzig, too. See id. ¶¶ 138, 141 & 144.

4. As with Col. Danzig, Bello does not claim that Capt. Napier had any involvement in any of the conduct she claims unconstitutionally befell her. Specifically, nowhere does Bello claim that Capt. Napier had any involvement in any of the allegedly unconstitutional actions enumerated in paragraphs 138 (Count IV), 141 (Count V), or 144 (Count VI).

5. As with Col. Danzig, the sole basis for the claims against Capt. Napier is that his name is typed on two reports. See Dkt. 1-8, at 2 & Dkt. 1-9, at 2. Neither report mentions any involvement that Capt. Napier had with Bello. Neither report describes any involvement of Capt. Napier with any of the activity described in the reports. Id.

6. Captain Napier seeks dismissal of this case against him for the same reasons as Col. Danzig and joins in, adopts, and incorporates the entirety of Col. Danzig's motion to dismiss. See Dkt. 14.

## II.   CONCLUSION

For the reasons set forth above and in Col. Danzig's motion to dismiss, Bello's complaint against Capt. Napier should be dismissed and the Court should grant such other relief as it deems just and appropriate.

        Respectfully submitted,

        /s/ Paul G. Rozelle
        Paul G. Rozelle
        FBN: 75948
        10750 Ulmerton Road
        Largo, FL   33778
        Telephone:  (727) 582-6274
        Facsimile:   (727) 582-6459
        *prozelle@pcsonet.com*
        *amarcott1@pcsonet.com*
        Attorney for Capt. Jesse Napier

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on September 24, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

        /s/ Paul G. Rozelle