UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

                                                      Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.

        Defendants.
_____/

## MOTION TO DISMISS OF DEPUTY COX

Deputy Steve Cox, Jr. of the Pinellas County Sheriff's Office moves to dismiss for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), because the complaint is a shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2), and because he is entitled to qualified immunity. The 31-page, 145-paragraph complaint contains only one mention of Deputy Cox: Bello claims Deputy Cox was "listed as being involved with Report 206012." Dkt. 1, at 15 ¶ 76 (citing Dkt. 1-9, at 2). Deputy Cox should be dismissed for the same reasons as Col. David Danzig. Dkt. 14 (Col. Danzig's motion to dismiss).

## MEMORANDUM OF LAW

**I. THE CLAIMS AGAINST DEPUTY COX WARRANT DISMISSAL**

1. Bello's only averment against Deputy Cox is that his name is typed on a single report under the heading "subjects involved." Dkt. 1, at 15 ¶ 76; Dkt. 1-9, at 2. The complaint does not contain any averment about what Deputy Cox's

involvement with Bello was.  Nor does the report Bello appended to the complaint — describing the collection and inventory of Bello's personal property when she was transferred from general population to the jail's healthcare building — mention anything that Deputy Cox did or failed to do or even that Deputy Cox had any contact with Bello.  Dkt. 1-9, at 2.

2. As with Col. Danzig and Capt. Napier, both of whom have moved to dismiss, Dkt. 14 & 16, Bello does not claim that Deputy Cox had any involvement in any of the conduct Bello claims unconstitutionally befell her.  Bello does not make any factual averments that Deputy Cox was involved in any of the allegedly unconstitutional actions enumerated in paragraphs 138 (Count IV), 141 (Count V), or 144 (Count VI).

3. Nevertheless, Bello hales Deputy Cox into federal court, claiming he somehow violated her civil rights.  Bello's complaint against Deputy Cox violates not only the most basic rules of pleading, Fed. R. Civ. P. 8(a), but the duty to investigate a claim before suing someone, Fed. R. Civ. P. 11(b)(3).

4. Deputy Cox seeks dismissal of for the same reasons as Col. Danzig and joins in, adopts, and incorporates Col. Danzig's motion to dismiss.  See Dkt. 14.

## II.   CONCLUSION

For the reasons set forth above and in Col. Danzig's motion to dismiss, Bello's complaint against Deputy Cox should be dismissed and the Court should grant such other relief as it deems just and appropriate.

        Respectfully submitted,

        /s/ Paul G. Rozelle
        Paul G. Rozelle
        FBN: 75948
        10750 Ulmerton Road
        Largo, FL   33778
        Telephone:  (727) 582-6274
        Facsimile:   (727) 582-6459
        *prozelle@pcsonet.com*
        *amarcott1@pcsonet.com*
        Attorney for Dep. Steve Cox, Jr.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

        /s/ Paul G. Rozelle