UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS RAUL BELLO NOGUEDA,
a/k/a KARLA BELLO

    Plaintiff,

vs.                                                     Case No. 8:20-cv-02005-TPB-AEP

ROBERT A. GUALTIERI, in his official capacity
as Sheriff of Pinellas County,
PINELLAS COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## DEFENDANT PINELLAS COUNTY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 33)

COMES NOW, the Defendant PINELLAS COUNTY, FLORIDA, by and through the undersigned counsel and hereby moves this Court to dismiss Plaintiff's First Amended Complaint (Dkt. 33) for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), and in support thereof states as follows:

## RELEVANT FACTS

1.     Plaintiff has sued Defendant PINELLAS COUNTY ("the County") and fourteen other defendants to seek redress for wrongs that allegedly befell her while incarcerated at the Pinellas County Jail.[1]

2.     The specific Counts brought against Pinellas County are as follows:

    a.     Count I (Deprivation of Equal Protection, U.S. Const. Amend. XIV), based

---

[1] Plaintiff's preferred pronouns are used in this Motion out of respect and are not intended to be interpreted as an admission of any allegations contained in her Complaint.

upon an incorrect assertion that Pinellas County enacted policies and practices at the jail that "cause constitutional violations to transgender people." (Dkt. 33, ¶ 109).

  b. Count II (Cruel and Unusual Punishment, U.S. Const. Amend. XIV), based upon an incorrect assertion that Pinellas County "refused to provide Plaintiff with hormone therapy or to recommend that she be permitted access to female clothing and grooming standards." (Dkt. 33, ¶ 143).

  c. Count III (42 U.S.C. 1983 via U.S. Const. Amend. XIV), based upon an incorrect assertion that Pinellas County is "responsible for Defendants' supervision, training and discipline through its policy-making powers and personnel decisions." (Dkt. 33, ¶ 155.)

3. Under Florida law, the Sheriff not the County operates the jail.

4. Pinellas County is a charter county.

5. The codified Pinellas County charter may be found at:

https://library.municode.com/fl/pinellas_county/codes/code_of_ordinances?nodeId=PTICH.

6. In 1987, the County adopted Ordinance No. 87-49 designating the Sheriff of Pinellas County Florida as the Chief Correctional Officer for the Pinellas County Correctional System pursuant to Chapter 951, Florida Statutes. A certified copy of the Ordinance is attached hereto as Exhibit "A."

7. Article III, Division 1, Section 74-61 of the Pinellas County Code (hereinafter "the Code") was adopted pursuant to §§ 30.15, 95106(1), and 951.061, Florida Statutes, and codified on February 22, 2011. A copy of the portions of the Code that will be referenced herein are attached hereto as Exhibit "B," and are also accessible online at:

https://library.municode.com/fl/pinellas_county/codes/code_of_ordinances?nodeId=PTIIPICOCO_CH74LAEN_ARTIIICOSH_DIV1GE_S74-61CHCOOF.

8. Section 74-61 of the Code states as follows:

   a. "*Legislative authority.* This section is adopted pursuant to F.S. §§ 30.15, 95106(1), and 951.061.

   b. *Designation of chief correctional officer.*

      1. As provided for in F.S. § 951.06, the Pinellas County sheriff is hereby designated as the chief correctional officer.

      2. **The Pinellas County sheriff shall appoint such officers as deemed necessary to assist in the operation of county jails.**

      3. **The Pinellas County sheriff shall enforce all existing state laws, federal laws, and administrative rules concerning the operation and maintenance of county jails.**

      4. The Pinellas County sheriff shall include salaries for correctional officers in the annual proposed budget of expenditures for the maintenance and operation of the county jails as provided in F.S. 30.49. The salaries for correctional officers shall be paid from the general revenue fund of the county." (emphasis added).

9. Section 74-62 of the Code further states in relevant part:

   a. "*Legislative authority.* This section is adopted pursuant to F.S. 901.35, 951.15, 951.21, 951.23 and 951.25.

   b. *Jail operations.*

      1. **The Pinellas County sheriff shall operate and maintain county jails**.

      2. **The Pinellas County sheriff shall include costs of medical care, treatment, hospitalization and transportation of arrestees in his annual proposed budget of expenditures for the maintenance and operation of the county jails** and shall assume the county's responsibility for medical expenses as provided for in F.S. 901.35, and indemnify and defend the county for any actions brought against the county for payment of costs of medical care, treatment hospitalization and transportation of arrestees, as provided for in F.S. 901.35. The costs of such care, treatment, hospitalization and transportation shall be paid out of the sheriff's budget from the general revenue fund of the county." (emphasis added).

10. Pursuant to County Ordinance adopted in accordance with State law, the County is not responsible for, and maintains no liability for, the operation or maintenance of the jail, including the hiring and firing of employees or medical treatment provided to inmates.

11. The Sheriff is not an employee of, or policy maker for, the Pinellas County Board of County Commissioners, sued in the name of the County.[2]

12. The County is not a policymaker for the operation or maintenance of the jail.

13. Plaintiff has failed to state a cause of action against the County pursuant to 42 U.S.C. § 1983 and U.S. Const. Amend. XIV (Counts I and III) because the County does not have a policy, custom, or practice as it relates the operation and maintenance of the jail, nor is the County a policymaker, as required by Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978), and the County cannot be held liable under a theory of respondeat superior. *See also* Pinellas County Code Section 74-61(b)(2), "The Pinellas County sheriff shall enforce all existing state laws, federal laws, and administrative rules concerning the operation and maintenance of county jails."

14. Plaintiff has further failed to state a cause of action under U.S. Const. Amend. VIII (Count II) because the County does not operate or control the jail and is not responsible for the medical treatment provided to inmates.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain more than "labels and conclusions; a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)(internal quotation omitted)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)). Furthermore, although the well-pled allegations in

---

[2] "The county commissioners shall sue and be sued in the name of the county of which they are commissioners." Fla. Stat. § 125.15.

4

the complaint are "viewed in the light most favorable to the plaintiff," Watts. v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007), "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Even if the facts are well-pled the court cannot "infer more than the mere possibility of misconduct" if the compliant merely alleges and does not "show" that the pleader is entitled to relief. Iqbal, 556 U.S. at 678.

Although a court must generally accept all factual allegations in a complaint as true, it need not accept "conclusory allegations and unwarranted deductions of fact." South Fla. Water Mgmt. Dist. v. Montalvo, 84 F. 3d 402, 408 n. 10 (11th Cir. 1996). "[B]ald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

## II. PLAINTIFF'S CLAIMS AGAINST THE COUNTY MUST BE DISMISSED FOR FAILING TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### A. The County has designated the Sheriff as the Chief Correctional Officer of the County, and as such, the Sheriff is exclusively responsible for the operation and maintenance of the County jail, including the medical treatment provided to inmates.

Pursuant to Article VIII, Section 1(d) of the Florida Constitution, the sheriff is a constitutional officer elected by the electors of the county for a term of four years, and a county charter may not abolish the office of a sheriff, transfer the duties of the sheriff to another officer or office, change the length of the four-year term of office, or establish any manner of selection other than by election.

Section 951.061, Fla. Stat., allows for counties to designate the sheriff the chief correctional officer of the county:

> (1) "Upon adoption of an ordinance by a majority of the county commission, the sheriff may be designated the chief correctional officer of the county correctional system, **and the sheriff shall appoint such officers as he or she deems necessary.**

(2) **If designated, the sheriff or his or her designee shall enforce all existing state law concerning the operation and maintenance of county jails.**

(3) The salaries for county correctional officers shall be paid from the general revenue fund of the county and shall be included by the sheriff, if designated as chief correctional officer of the county, in his or her proposed budget of expenditures for maintenance and operation of the county correctional system as provided in s. 30.49." (emphasis added).

In § 951.062, Fla. Stat., the Florida Legislature provides an alternative, allowing counties to contract with private entities for the provision of the operation and maintenance of a county detention facility. In relevant part, the statute states, "[w]hen a county enters into a contract for the operation and maintenance of county detention facilities, **the sheriff of such county shall cease to be liable for actions arising out of the operation and maintenance of the facilities under contract**, except as to any acts he or she commits personally." § 951.062 (9), Fla. Stat. (emphasis added). A plain and ordinary reading of the statute leads to the obvious conclusion that when a county *does not* enter into a contract with a private entity, but rather designates the sheriff as the chief correctional officer of the county, *the sheriff is liable for actions arising out of the operation and maintenance of jail*. In order for the liability of the sheriff to *cease* as stated § 951.062, Fla. Stat., liability would have to previously exist.

In further support of its position, the County points to § 30.53, Fla. Stat., titled "Independence of constitutional officials," providing in relevant part that **"[t]he independence of sheriffs shall be preserved concerning the** purchase of supplies and equipment, **selection of personnel, and the hiring, firing and setting of salaries of such personnel..."** (emphasis added). Additionally, the Florida Supreme Court has held that "the internal operation of the sheriff's office...is a function which belongs uniquely to the sheriff as the chief law enforcement officer of the county." Weitzenfeld v. Dierks, 312 So.2d 194, 196 (Fla. 1975). The court further


(2) **If designated, the sheriff or his or her designee shall enforce all existing state law concerning the operation and maintenance of county jails.**

(3) The salaries for county correctional officers shall be paid from the general revenue fund of the county and shall be included by the sheriff, if designated as chief correctional officer of the county, in his or her proposed budget of expenditures for maintenance and operation of the county correctional system as provided in s. 30.49." (emphasis added).

In § 951.062, Fla. Stat., the Florida Legislature provides an alternative, allowing counties to contract with private entities for the provision of the operation and maintenance of a county detention facility. In relevant part, the statute states, "[w]hen a county enters into a contract for the operation and maintenance of county detention facilities, **the sheriff of such county shall cease to be liable for actions arising out of the operation and maintenance of the facilities under contract**, except as to any acts he or she commits personally." § 951.062 (9), Fla. Stat. (emphasis added). A plain and ordinary reading of the statute leads to the obvious conclusion that when a county *does not* enter into a contract with a private entity, but rather designates the sheriff as the chief correctional officer of the county, *the sheriff is liable for actions arising out of the operation and maintenance of jail*. In order for the liability of the sheriff to *cease* as stated § 951.062, Fla. Stat., liability would have to previously exist.

In further support of its position, the County points to § 30.53, Fla. Stat., titled "Independence of constitutional officials," providing in relevant part that **"[t]he independence of sheriffs shall be preserved concerning the** purchase of supplies and equipment, **selection of personnel, and the hiring, firing and setting of salaries of such personnel..."** (emphasis added). Additionally, the Florida Supreme Court has held that "the internal operation of the sheriff's office...is a function which belongs uniquely to the sheriff as the chief law enforcement officer of the county." Weitzenfeld v. Dierks, 312 So.2d 194, 196 (Fla. 1975). The court further

stated, "[t]o hold otherwise would do irreparable harm to the integrity of a constitutionally created office as well as violate the precept established by F.S. Section 30.53…" Id.

In the instant matter, the County has designated the Sheriff as the Chief Correctional Officer as evidenced by the Ordinance attached as Exhibit "A" and Code attached as Exhibit "B" hereto. On a motion to dismiss, the court ordinarily may not look beyond the pleadings. U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 (11th Cir. 2015). However, a district court may consider judicially noticed documents. Id. Pursuant to Fed. R. Evid. 201(b)(2),(c), the Court may judicially take notice on its own of "a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Alternatively, the Court must take notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Ordinance and Code attached to this Motion are not subject to reasonable dispute and accordingly, the County respectfully requests the Court take judicial notice of Exhibit "A" and Exhibit "B." See also Walburn v. City of Naples, 2005 U.S. Dist. LEXIS 37805* (M.D. Fla. September 22, 2005)(taking judicial notice of Chapter 78, Code of Ordinances of the City of Naples pursuant to Fed. R. Evid. 201(b)(b)).

The County retains no responsibility or oversight of the Sheriff's operation and maintenance of the jail, which includes providing medical treatment to detainees, and the hiring and firing of staff. The Sheriff includes the cost of medical treatment and the salaries for his employees in his proposed budget of expenditures for maintenance and operation of the County correctional system. Other than the Sheriff's budget being allocated from the County's general fund, the County has no other involvement related to the position of the Sheriff or his duty to operate and maintain the County jail.

7

>    **B.     Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 because the County is not a policymaker for the operation and maintenance of the jail and cannot be held liable under a theory of respondeat superior for Plaintiff's alleged Constitutional deprivations.**

Plaintiff's Complaint alleges the County violated her rights protected by the Eighth Amendment, and applied to the states through the Fourteenth Amendment, by acting with deliberate indifference as to Plaintiff's medical care needs during her incarceration and is brought pursuant to 42 U.S.C. § 1983. "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction and pain, which is prohibited by the Eighth Amendment." Harris v. Leder, 519 Appx. 590, 595 (11th Cir. May 24, 2013) citing Estelle v. Gable, 429 U.S. 97, 104 (1976). To show that a prison official acted with deliberate indifference to serious medical needs, the plaintiff must establish: (1) she had a serious medical need; (2) a prison official acted with deliberate indifference; and (3) injury was caused by the defendant's wrongful act. See Goebert v. Lee County, 510 F. 3d 1312 (11th Cir. 2007).

Plaintiff's Eighth and Fourteenth Amendment claims against the County must be brought pursuant to 42 U.S.C. § 1983. A plaintiff bringing a § 1983 action against a municipality based upon the acts of its employees must sufficiently allege a constitutional violation and show that the municipality itself injured the plaintiff by having in place a "policy or custom" which violated the plaintiff's rights. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) and Buckner v. Toro, 116 F.3d 450, 451 (11th Cir. 1997) citing Monell, 436 U.S. 658. Under Monell, the municipal policy or custom must be the moving force behind the constitutional violation and "only where a failure to train reflects a deliberate or conscious choice by the municipality can the failure be properly thought of as an actionable city policy." City of Canton, Ohio v. Harris, 489 U.S. 378, 379 (1989). "Municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or

officials responsible for establishing final policy with respect to the subject matter in question. Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)(citation omitted). To identify the relevant policymaking officials, "the court should examine not only the relevant positive law, **including ordinances**, rules and regulations, but also the relevant customs and practices having the force of law." Rosario v. Miami-Dade Cty., 490 F. Supp. 2d 1213, 1221-22 (S.D. Fla. 2007)(citation omitted)(emphasis added). Municipal liability under § 1983 cannot be based on the doctrine of respondeat superior. Grech v. Clayton County, GA, 334 F.3d 1326 (11th Cir. 2003). A plaintiff must show that the local government entity has authority and responsibility over the governmental function in issue and identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue. Id. at 1330 citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731 (1989).

Determination of who is an official policymaker for § 1983 purposes is a question of law. The judicial determination of who is an official policymaker, although a federal question, is guided by state law. McMillan v. Monroe County, 520 U.S. 781, 784 (1971). "Local governments can never be liable under § 1983 for the acts of those [officials] whom the local government has no authority to control." Turquitt v. Jefferson County, 137 F.3d 1285, 1292 (11th Cir. 1998). "A local government must have power in an area in order to be held liable for an official's acts in that area." Id. (internal quotations omitted). "Counties may be held liable under only for the execution of their own governmental policies or customs." Troupe v. Sarasota County, FL, 2004 U.S. Dist LEXIS 30944*, 2004 WL 5572030 (M.D. Fla. Jan. 22, 2004) citing Monell, 436 U.S. at 694. "**A sheriff's policy or act cannot be said to speak for the county if the county has no say in what policy or action the sheriff takes**." Troupe, at *11 (quoting Grech, at 1330). (emphasis added). In Jenkins v. Manatee County Sheriff, the U.S. District Court for the Middle District of Florida

held that the sheriff was clearly considered a municipality for purposes of a § 1983 action predicated on an alleged Eighth Amendment violation for inadequate medical care at the county jail. 2014 U.S. Dist. LEXIS 3232*, 2014 WL 105133 (M.D. Fla. January 20, 2014). This is consistent with the County's argument that the Sheriff is the correct party to the instant lawsuit, not the County. See also Hoelper v. Coats, 2010 U.S. Dist. LEXIS 118255 (M.D. Fla. October 27, 2010)("When a plaintiff sues a county sheriff in his official capacity under 42 U.S.C. § 1983, the suit is effectively a suit against the county.").

In fact, codefendant Pinellas County Sheriff's Office ("PCSO") shares the County's position as evidenced by Footnote 1 of PCSO's Motion to Dismiss (Dkt. 4, pg. 2).

In Jones v. Lamberti, the U.S. District Court for the Southern District of Florida specifically analyzed whether a sheriff, as chief correctional officer of a county, acts as a county policymaker under the laws of the State of Florida in the area of corrections and whether the county has the ability to control the sheriff. 2008 U.S. Dist. LEXIS 66163 (S.D. Fla. Aug. 28, 2008). The court determined that as chief correctional officer, a sheriff is "solely responsible for the operation of the existing correctional System." Lamberti, at *4. Furthermore, where a county has no supervisory control over a sheriff, as an elected official, no liability can exist for the county. Lamberti, at *5. The Court ultimately held that **"[t]he Sheriff is the final policymaker for the operation of the jails. The County does not control the Sheriff with respect to this function; therefore, the County cannot be liable under § 1983."** Lamberti, at *5. (emphasis added).

The County recognizes the seemingly opposite holding in Meiller v. Pasco County, 2010 U.S. Dist. LEXIS 140523 (M.D. Fla. Sept. 30, 2010) and the U.S. District Court for the Northern District of Florida in Morrill v. Holmes County, 2017 U.S. Dist. LEXIS 2013190* (N.D. Fla. March 10, 2017). However, these cases are easily distinguishable. In Meiller, the plaintiff alleged

10

the county was liable for the acts of the corrections officers, including the sheriff and health care personnel "who were acting as the agents, servants, or apparent agents of the county." 2010 U.S. Dist. LEXIS 140523 at *66. The same is not alleged against Pinellas County in this case. In addition, the county defendant in Meiller merely relied upon Article 8, §1(d) of the Florida Constitution in support of its argument (neglecting § 951.062 (9), Fla. Stat.) and did not put forth evidence of a county ordinance delineating the obligations of the sheriff and the county – as is the case here.

In Holmes County, the county did not designate its sheriff as the chief correctional officer pursuant to Fla. Stat. § 951.061,[3] nor did the Court take into consideration the implications of the language found in Fla. Stat. § 951.062 which clearly indicates the sheriff is liable for the operation and maintenance of jail facilities when the county does not enter into a contract with a private entity for operation and maintenance.

Accordingly, this Court should find the analysis and holding of the Court in Lamberti most persuasive and hold that the County cannot be held liable under § 1983. The County has adopted an ordinance clearly designating the Sheriff as the Chief Correctional Officer of the County jail in accordance with Florida law. The Sheriff is exclusively responsible for the operation and maintenance of the jail, including staffing decisions and medical services provided to inmates. The County has no supervisory control over the Sheriff as to his operation and maintenance of the jail, or any say as to the policies he implements related thereto. Any policies or customs that may exist pertaining to the Sheriff's operation and maintenance of the jail in no way implicate liability

---

[3] The Court's opinion does not reference this fact; however, Holmes County's Motion to Dismiss and Incorporated Memorandum of Law (Doc. #39) *does not* include an allegation that it had designated its sheriff pursuant to Fla. Stat. § 951.061 nor is there an argument alleging the same.

on behalf of the County. Furthermore, case law clearly provides that the County cannot be held liable under § 1983 on a theory of respondeat superior.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Complaint against Pinellas County for failing to state a claim on which relief can be granted with prejudice and grant such other relief as it deems just and proper.

Respectfully submitted,

*/s/ Kelly L. Vicari*
KELLY L. VICARI
FBN 88704 /SPN 03325558
Senior Assistant County Attorney
Pinellas County Attorney's Office
315 Court Street, Sixth Floor
Clearwater, Florida 33756
Phone: (727) 464-3354
Fax: (727) 464-4147
Primary Email: kvicari@pinellascounty.org
Secondary Email: eservice@pinellascounty.org
Attorney for Defendant Pinellas County

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 5, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record in this case.

*/s/ Kelly L. Vicari*
Attorney for Defendant Pinellas County