UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
 a/k/a Karla Bello,

        Plaintiff,

vs.                                     Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.

        Defendants.
_____/

## MOTION TO DISMISS AMENDED COMPLAINT OF DEPUTY COX

Deputy Steve Cox, Jr. of the Pinellas County Sheriff's Office moves to dismiss because the amended complaint is prolix and a shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2) & 8(d)(1), for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), and because he is entitled to qualified immunity.

## MEMORANDUM OF LAW

I.      **RELEVANT BACKGROUND**

1.      "Karla Bello" is the *nom de plume* of Carlos Raul Bello Nogueda. Bello is transgender. She is identified as male on her birth certificate, Dkt. 33 ¶¶ 115, 193 & 216, but identifies as female and has been living as a woman, id. ¶¶ 42 & 57.

2.      This lawsuit arises from Bello's incarceration in the Pinellas County Jail. Bello was booked into the jail on a bench warrant after she failed to appear in court on a charge of driving on a suspended license (which was suspended after she failed to pay several traffic citations). Id. ¶¶ 48-54; Dkt. 33-1, at 44 (capias). Bello

ultimately pleaded guilty and was convicted and sentenced on March 12, 2020.  State v. Bello Nogueda, Case No. AC7QEYE (6th Jud. Cir., Pinellas County) (Bello's guilty plea of Mar. 12, 2020).  See also Bey v. Vega, 588 F. App'x 923, 926-27 (11th Cir. 2014) (taking judicial notice of state court criminal docket on motion to dismiss).

3. Bello was in jail for just 12 days.  She was booked on November 29, 2019, Dkt. 33 ¶ 56, and released on December 10, 2019, Dkt. 33-1, at 41.

4. The gravamen of the amended complaint is that the defendants "repeatedly, willfully, and maliciously deprived the Plaintiff of her Fourteenth Amendment rights" by

- refusing "to provide hormone therapy treatment";

- "dehumanizing Plaintiff";

- "refusing to provide any medical aid for her serious and debilitating withdrawal symptoms caused by their refusal to provide Plaintiff with her hormones and other medications";

- "forcing her to live in the male population";

- "forcing her to shower with and expose herself and her fully-formed female breasts to members of the male sex, including both" inmates and employees;

- "forced removal of her undergarments by male Pinellas County Jail employees";

- refusing "to allow the Plaintiff to wear female undergarments";

- "forcible searches by male officers"; and

- "dehumanizing Plaintiff's gender identity by refusal to acknowledge that she is a woman."

Dkt. 33 ¶¶ 182 & 206.

5. Bello is suing 12 members of the Pinellas County Sheriff's Office, including Deputy Cox. Bello is also suing Sheriff Gualtieri, the Pinellas County Sheriff's Office,[1] Pinellas County, and 10 unidentified and unserved John and Jane Doe defendants.

6. After the PCSO, Pinellas County, Col. Danzig, Sheriff Gualtieri, Capt. Napier, and Deputy Cox moved to dismiss, see Dkt. 7, 11, 14, 15, 16 & 29, Bello improperly filed the amended complaint, Dkt. 33. Rule 15(a)(1)(B) permits amendment once without leave of Court within 21 days after service of a motion under Fed. R. Civ. P. 12(b)(6). PCSO moved to dismiss on September 2, 2020. Dkt. 7. Bello did not file her amended complaint until September 27, and she filed it without any communication with the parties (let alone the required written consent) or leave of Court.

7. Bello never responded to any of the motions to dismiss.

8. Despite suing Deputy Cox, Bello does not claim that he engaged in any of the conduct enumerated above.

---

[1] The amended complaint does not identify the PCSO as a party or contain a claim for relief against the PCSO. The PCSO should be dismissed with prejudice.

9. Indeed, the 51-page, 258-paragraph amended complaint contains only one mention of Deputy Cox: Bello claims Deputy Cox was "listed as being involved with Report 206012." Dkt. 33 ¶ 75. In short, the sole factual basis for Bello claiming that Deputy Cox violated her civil rights is that his name is typed on a single report under the heading "subjects involved." Dkt. 33-1, at 59.

10. The amended complaint does not contain any averment about what Deputy Cox's involvement with Bello was. Nor does the report Bello attached to the amended complaint — describing the collection and inventory of Bello's personal property when she was transferred from general population to the jail's healthcare building — mention anything that Deputy Cox did or failed to do or even that Deputy Cox had any contact with Bello. Id.

11. Nevertheless, Bello asserts two § 1983 claims against Deputy Cox. Both claims for relief — Counts IV and V in the amended complaint — arise under the Fourteenth Amendment. There is no clear distinction between the two separately pleaded Fourteenth Amendment claims. They incorporate the same averments, concern the same conduct, and are asserted against the same defendants.

II.  **STANDARDS OF REVIEW**

  A.  **Motion to Dismiss for Failure to State a Claim**

A plaintiff must plead sufficient facts to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the plaintiff must still provide the factual grounds for the

entitlement to relief. Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). It is not enough for a complaint to contain mere "labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal quotation omitted) (citing Twombly, 550 U.S. at 545).

In evaluating the sufficiency of a complaint on a motion to dismiss, the well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). However, "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[B]ald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

### B. Qualified Immunity

A government official who acts within his or her discretionary authority is immune from suit under § 1983 unless the official's conduct "violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010) (quotations omitted), cert. dismissed, Timoney v. Keating, 562 U.S. 978 (2010). Qualified immunity is conferred unless a plaintiff demonstrates "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (internal quotation marks omitted).

To strip a government official of qualified immunity, pre-existing law at the time of the alleged acts must have provided fair warning that his or her action was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (2002). The law that the official seeking qualified immunity allegedly violated "must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc), *abrogated on other grounds by* Hope, 536 U.S. 730 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). An officer is entitled to qualified immunity if "officers of reasonable competence could disagree on th[e] issue . . . ." Malley v. Briggs, 475 U.S. 335, 341 (1986). The unlawfulness of the conduct in question must be "apparent." Bashir v. Rockdale County, 445 F.3d 1323, 1330-31 (11th Cir. 2006).

### III.  THE AMENDED COMPLAINT IS PROLIX

Prolix pleadings violate Rule 8. Watts v. Florida Intern. Univ., 495 F.3d 1289, 1299 (11th Cir. 2007). The Federal Rules require averments to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Eleventh Circuit has addressed unwieldy pleadings "on numerous occasions" and "always with great dismay." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 n.9 (11th Cir. 2002).

Bello's amended complaint spans 51 pages and 258 paragraphs — more than 20 paragraphs for each day she was in jail — and contains 61 pages of attachments. Bello devotes dozens of paragraphs to gender dysphoria, a discourse replete with

references to medical and psychiatric literature and the internet. Bello cites 76 legal decisions in the amended complaint including Roe v. Wade, 410 U.S. 113 (1973). See Dkt. 33 ¶ 25. Bello consumes 33 pages setting out her seven Fourteenth Amendment claims, much of which is repetitive.

For all its bloated heft, hardly any of the amended complaint contains allegations pertinent to the defendants. Only one sentence mentions Deputy Cox. Dkt. 33 ¶ 75 ("Cox . . . [is] listed as being involved with Report 206012."). None of the other 13,000 words in the amended complaint have any bearing on his or any other defendant's alleged liability to Bello.[2] Dismissal is appropriate. Gordon v. Green, 602 F.2d 743, 744-45 (5th Cir. 1979) (holding that district courts should be given great leeway in determining whether a party has complied with Rule 8 because they stand "on the firing line [as] the first victims of this paper mill.").

## IV. THE AMENDED COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING

A pleading must comply with Fed. R. Civ. P. 8(a)(2) by setting forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Doing so ensures proper notice to each defendant of the precise claims alleged against him. Seagood Trading Corp. v. Jerrico, Inc., 924 F.2d 1555, 1576 (11th Cir. 1991). The Eleventh Circuit has consistently held that shotgun pleadings — complaints "containing multiple counts where each count adopts the allegations of all preceding

---

[2] For comparison, the United States Constitution — including all articles, amendments, and even the delegates' signatures — contains only 4,543 words.

counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" — are ripe for dismissal. Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015).

Bello's amended complaint is a quintessential "shotgun pleading." All claims against all 14 defendants are comingled together and incorporate all factual allegations asserted against them, resulting in intertwined and confusing claims for relief that are riddled with the duplicative, immaterial, and irrelevant allegations. Indeed, Bello impressively commits all four sins of impermissible shotgun pleading. In addition to "the mortal sin of re-alleging all preceding counts," her amended complaint commits the "venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action . . . the sin of "not separating into a different count each cause of action or claim for relief . . . [and even] the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The amended complaint should be dismissed.

V. **BELLO'S FOURTEENTH AMENDMENT CLAIMS AGAINST DEPUTY COX SHOULD BE DISMISSED**

As noted above, despite the amended complaint's gratuitous verbosity, nowhere does Bello aver that Deputy Cox had any involvement in any of the conduct she claims unconstitutionally befell her. Specifically, nowhere in Bello's amended complaint does she claim that Deputy Cox had any involvement in any of

8

the allegedly unconstitutional actions enumerated in paragraphs 182 (Count IV) or 206 (Count VI).  This alone merits the dismissal of Deputy Cox from this lawsuit.

Furthermore, among the fundamental flaws in Bello's Fourteenth Amendment claims — there are two such duplicative claims pleaded — is her contention that Deputy Cox is liable because of the disparate impact on her of the jail's policies. Bello claims that Deputy Cox (and 11 other defendants) "maliciously deprived [her] of her Fourteenth Amendment rights "by subjecting her to completely different standards than similarly situated non-transgender women, solely because of her transgender status . . . ."  Dkt. 33 ¶ 206.  See id. ¶ 182 (same).  See also id. ¶ 189 (citing Bostock v. Clayton County, 590 U.S. __, 140 S. Ct. 1731 (2020)).

Setting aside that the amended complaint contains no averments that Deputy Cox had any involvement with the jail's policies (or even what the material particulars of those policies are), this is not a Title VII case like Bostock.  No precedental court has held that Title VII's disparate impact analysis has any bearing on a prisoner's lawsuit pertaining to her conditions of confinement under § 1983. Indeed, the converse is true.  Allegations of disparate impact, without more, do not state a cognizable equal protection claim.  Washington v. Davis, 426 U.S. 229, 242 (1976).  Regardless, as noted above, Bello's amended complaint contains no factual averments that Deputy Cox discriminated against her in any way.

Finally, no precedental court has ever held that transgender female inmates like Bello are similarly situated to cisgender female inmates for purposes of an equal protection claim.  Nor has any precedental court ever held that a deputy working in a

9

county jail violates the Constitution or clearly established law by engaging in any of the acts or omissions that form the basis for Bello's lawsuit. See *infra* at 2 ¶ 4. The absence of any constitutional authority for these propositions entitles Deputy Cox to qualified immunity. Because amendment would be futile — Bello cannot change the state of the law in December 2019 — dismissal with prejudice on a finding that Deputy Cox is entitled to qualified immunity is warranted.

## VI.   ANY CLAIM BELLO ASSERTS UNDER THE EIGHTH AMENDMENT SHOULD BE DISMISSED WITH PREJUDICE

Bello's complaint contained a claim for relief under the Eighth Amendment. See Dkt. 1 ¶¶ 140-42. While Bello appears to have abandoned a separately enumerated Eighth Amendment claim from her amended complaint — all seven claims for relief arise under the Fourteenth Amendment — the amended complaint is still replete with Eight Amendment references. See Dkt. 33 ¶ 1 ("This is a federal civil rights case pursuant to 42 U.S.C. § 1983 and under the Eighth and Fourteenth Amendments . . . ."). See also id. ¶¶ 130, 139, 162, 235 & 244.

The Eighth Amendment plays no role in this case; its prohibition against cruel and unusual punishment only applies after conviction. Whitley v. Albers, 475 U.S. 312, 327 (1986) (noting that Eighth Amendment "is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions"); Ingraham v. Wright, 430 U.S. 651, 671, n. 40 (1977) (noting that Eighth Amendment standards apply "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). To the extent that Bello seeks

relief under the Eighth Amendment, her claims claim should be dismissed for failure to state a claim on which relief can be granted.  Lancaster v. Monroe County, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (holding that treatment of a pre-trial detainee is not governed by the Cruel and Unusual Punishment Clause of the Eighth Amendment, which "governs an official's treatment of a convicted prisoner").

## VII.  CONCLUSION

For the reasons set forth above, Bello's amended complaint against Deputy Cox should be dismissed and the Court should grant such other relief as it deems just and appropriate.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Dep. Steve Cox, Jr.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle
