UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

vs.                                     Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.,

        Defendants.
_____/

## MOTION TO DISMISS OF DARLENE HILERY

Darlene Hilery, a licensed practical nurse employed by the Pinellas County Sheriff's Office, moves to dismiss the amended complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), because it is prolix and an impermissible shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2) & 8(d)(1), and because she is entitled to qualified immunity.

## MEMORANDUM OF LAW

The only medical professional the plaintiff is suing in this case is Darlene Hilery, an LPN.[1] Ms. Hilery is only mentioned twice in the plaintiff's amended complaint. She is referred to once in a report made by Deputy Moses, who wrote in

---

[1] The plaintiff mistakenly identifies Ms. Hilery as an ARNP. Doc. 33 ¶ 17. As is apparent on the face of the documents the plaintiff attached to her amended complaint, Ms. Hilery is an LPN. Doc. 33-1, at 55. See also Fla. Dep't of Health, License Verification (Darlene Dianna Hilery), *https://tinyurl.com/yxgsqdf6* (last checked Oct. 8, 2020) (showing Ms. Hilery as holding an active LPN license).

a log that both he and Ms. Hilery advised the plaintiff to sign up for sick call when the plaintiff was "extremely irate" and "yelling" about needing her medication. Doc. 33 ¶ 80 (quoting Doc. 33-1, at 20).  The plaintiff does not deign to give any further information about what this incident involved, what the outcome was, or how any aspect of Ms. Hilery's involvement in it allegedly violated the Constitution.

The only other mention of Ms. Hilery in the amended complaint is the plaintiff's quotation from a report in which Sgt. Franjesevic wrote that Ms. Hilery evaluated the plaintiff in response to her complaint of chest pains and was cleared to remain in her current housing assignment (i.e., as opposed to being transferred to the medical unit).  Id. ¶ 67 (quoting Doc. 33-1, at 55).  The plaintiff does not aver how Ms. Hilery's medical evaluation was unconstitutional.  The plaintiff also does not aver that Ms. Hilery was involved in any of the panoply of allegedly unconstitutional acts giving rise to the two Fourteenth Amendment claims against her.  See Dkt. 33 ¶¶ 182 & 206; see also Dkt. 35, at 2-3 (summarizing Bello's complaints against the individually named defendants, including Ms. Hilery, in Counts IV and V).

Ms. Hilery seeks dismissal of this case against her for the same reasons as Deputy Cox and joins in, adopts, and incorporates the entirety of Deputy Cox's motion to dismiss.  See Dkt. 35.  Accordingly, for the reasons set forth above and in Deputy Cox's motion to dismiss, Bello's amended complaint against Darlene Hilery should be dismissed and the Court should grant such other relief as it deems just and appropriate.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Darlene Hilery

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle