UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

vs.                                          Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.,

        Defendants.
_____/

## MOTION TO DISMISS OF DEPUTY CHRIS MOSES

Deputy Chris Moses, a member of the Pinellas County Sheriff's Office, moves to dismiss the amended complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), because it is prolix and an impermissible shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2) & 8(d)(1), and because he is entitled to qualified immunity.

## MEMORANDUM OF LAW

On December 2, 2019 — the third day of her incarceration —while Ms. Hilery (a nurse who is a co-defendant in this case) was in the pod performing diabetic checks, Bello "became extremely irate yelling that he needs his medication." Dkt. 33 ¶ 80 (citing Dkt. 33-1, at 20). According to Deputy Moses's report, both Ms. Hilery and Deputy Moses instructed Bello to sign up for sick call and Deputy Moses

verbally counseled Bello.  Id.  A few minutes later,[1] Deputy Moses reported that Bello was complaining of chest pains but was seen eating her meal tray and did not appear to be in medical distress.  Dkt. 33-1, at 55.  Deputy Moses was advised to send Bello to see the nurse, which he did.  Id.  Deputy Moses pat-frisked Bello before sending her to see the nurse.  Id.

As a result of this interaction, Bello sued Deputy Moses, claiming that he violated her constitutional rights under the Fourteenth Amendment.  The only two complains pertinent to Deputy Moses are that he "referred to [Bello] with male pronouns and . . . it lists her 'sex' as [male]" in his report, Doc. 33 ¶ 65, and that he pat-frisked Bello before removing her from the pod to see the nurse, id. ¶ 66.  Bello does not claim that Deputy Moses was involved with any of the other conduct contained in her complaint.  Dkt. 33 ¶¶ 182 & 206; see Dkt. 35, at 2-3 (summarizing Bello's complaints against the individually named defendants, including Deputy Moses, in Counts IV and V).

First, Deputy Moses's misgendering Bello — referring to her using masculine pronouns — is not a violation of the Constitution.  No court has ever found or held that misgendering someone is unconstitutional.  See United States v. Varner, 948 F.3d 250, 254-55 (5th Cir. 2020) ("[N]o authority supports the proposition that we may require litigants, judges, court personnel, or anyone else to refer to gender-dysphoric litigants with pronouns matching their subjective gender identity.").  Even

---

[1] Compare Dkt. 33 ¶ 80 (noting time of yelling incident as 3:54 P.M.), with Dkt. 33-1, at 55 (noting Bello's complaint of chest pains was received at 4:15 P.M.).

were this Court to find such a right in the Constitution, Deputy Moses would be entitled to qualified immunity because the right in question — to be referred to by one's preferred pronouns — was not clearly established in December 2019. Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (holding government employee entitled to qualified immunity unless he violates a constitutional or statutory right that was clearly established at the time of the challenged conduct).

Second, Bello claims that Deputy Moses violated her constitutional rights by pat-frisking her before she exited the pod to see the nurse. Bello does not aver that anything untoward occurred during the pat-frisk. Bello does not claim that Deputy Moses battered or groped her. Instead, Bello claims that a male deputy conducting a pat-frisk on transgender inmate — a male inmate[2] who identifies as female — violates the Constitution.

Suspicionless searches are a fact of life in jail. Florence v. Board of Chosen Freeholders, 566 U.S. 318, 338-40 (2012) (upholding constitutionality of suspicionless strip searches). No precedental court has ever held that there is a constitutional right for a trans-person to be free of a cross-gender pat-frisk. Even the Ninth Circuit noted that cross-gender searches "cannot be called inhumane and therefore do[ ] not fall below the floor set by the objective component of the eighth amendment." Somers v. Thurman, 109 F.3d 614, 623 (9th Cir. 1997) (quotation

---

[2] Bello acknowledges that "her birth certificate and other identification documents have 'male' gender markers." Dkt. 33 ¶¶ 115, 193 & 216. In fact, the raft of unpaid traffic tickets that landed her in jail consistently identify Bello as male, Dkt. 33-1, at 2, 4 & 6, as does Bello's arrest affidavit, id. at 9.

omitted).  There is no legal basis from which this Court can conclude that Deputy Moses's generic pat-frisk of Bello was unconstitutional.  Even were the Court to find such a right, Deputy Moses would be entitled to qualified immunity because such a right was not clearly established.

Finally, Deputy Moses joins in, adopts, and incorporates the entirety of Deputy Cox's motion to dismiss.  See Dkt. 35.  Bello's amended complaint against Deputy Moses should be dismissed for those reasons as well as for the reasons set forth above and the Court should grant such other relief as it deems just and appropriate.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Deputy Chris Moses

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 12, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle

4