UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

vs.                                                                                  Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.,

        Defendants.
_____/

## MOTION TO DISMISS OF DEPUTY ALVARO BERJE

Deputy Alvaro Berje, a member of the Pinellas County Sheriff's Office, moves to dismiss the amended complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), because it is prolix and an impermissible shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2) & 8(d)(1), and because he is entitled to qualified immunity.

## MEMORANDUM OF LAW

The amended complaint contains only two references to Deputy Berje.  The first is that Bello claims Deputy Berje was "listed as being involved with Report 206012."  Dkt. 33 ¶ 75.  This is the same factual averment that underlies Bello's claim against Deputy Cox: that her civil rights were allegedly violated because his name is typed on a single report under the heading "subjects involved."  Dkt. 33-1, at 59.  Deputy Berje joins in, adopts, and incorporates Deputy Cox's motion to dismiss with respect to the lack of constitutional viability of this specious claim.  See Dkt. 35.

Bello's only other mention of Deputy Berje in the amended complaint is that he caught Bello in the bathroom "applying colored pencil to his eyebrows and to his face as makeup" and "verbally counseled [Bello] that this is not allowed and will not be tolerated." Dkt. 33 ¶ 81 (quoting Dkt. 33-1, at 20). Bello claims that this violated her constitutional rights because she was "denied access to female . . . grooming standards." Id. ¶ 176. In short, Bello claims a constitutional right to wear makeup in jail.

Bello's claim against Deputy Berje is foreclosed as a matter of law by binding Eleventh Circuit precedent. Keohane v. Florida Dep't of Corr. Sec'y, 952 F.3d 1257, 1275, 1279 (11th Cir. 2020) (holding that denial of transgender inmate's request for "social-transitioning" items like makeup did not show deliberate indifference). See Hood v. Department of Children & Families, No. 2:12-cv-637-FTM-29, 2015 WL 686922, at *3 (M.D. Fla. Feb. 18, 2015) (noting dismissal of claim based on incarcerated transgender plaintiff's right to wear cosmetics); see also Campbell v. Kallas, 936 F.3d 536, 549 (7th Cir. 2019) ("As for Campbell's requests for electrolysis and makeup, our cases offer no indication that denying arguably nonmedical cosmetic accommodations [to transgender inmates] violates the Eighth Amendment."); Murray v. United States Bureau of Prisons, 106 F.3d 401, 1997 WL 34677, at *2 (6th Cir. 1997) (per curiam) (holding that failure to provide a transgender prison inmate "with hair and skin products that she claims are necessary for her to maintain a feminine appearance" was part of routine deprivation of incarceration). Because Deputy Berje did not violate the Constitution and there is no

case law that would have put him on notice that Bello had a clearly established constitutional right to wear makeup in jail, he is entitled to qualified immunity.

Finally, Deputy Berje joins in, adopts, and incorporates the entirety of Deputy Cox's motion to dismiss.  See Dkt. 35.  Bello's amended complaint against Deputy Berje should be dismissed for those reasons as well as for the reasons set forth above and the Court should grant such other relief as it deems just and appropriate.

>Respectfully submitted,
>
>/s/ Paul G. Rozelle
>Paul G. Rozelle
>FBN: 75948
>10750 Ulmerton Road
>Largo, FL   33778
>Telephone:  (727) 582-6274
>Facsimile:   (727) 582-6459
>*prozelle@pcsonet.com*
>*amarcott1@pcsonet.com*
>Attorney for Deputy Alvaro Berje

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 12, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

>/s/ Paul G. Rozelle