UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

                                              Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.,

        Defendants.
_____/

**MOTION TO DISMISS OF SGT. JENNIFER VIENO,
SGT. JASON FRANJESEVIC, AND CPL. RICHARD MERRITT**

      Sgt. Jennifer Vieno, Sgt. Jason Franjesevic, and Cpl. Richard Merritt, members of the Pinellas County Sheriff's Office, move to dismiss the amended complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6), because it is prolix and an impermissible shotgun pleading in violation of Fed. R. Civ. P. 8(a)(2) & 8(d)(1), and because they are entitled to qualified immunity.

**MEMORANDUM OF LAW**

      Among the 12 defendants Karla Bello is suing claiming she was mistreated during her incarceration in the Pinellas County Jail because she is transgender are Sgt. Jennifer Vieno, Sgt. Jason Franjesevic, and Cpl. Richard Merritt.  Bello is suing these three defendants based on two incidents.  The first is the response to Bello's complaint of chest pains on December 2, 2019.  In short, Bello complained of chest

pains and Deputy Moses sent her to see the nurse, who evaluated her. Dkt. 33 ¶¶ 62-64; Dkt. 33-1, at 55. See Dkt. 40, at 1-2 (describing Dep. Moses's involvement in that incident). Cpl. Merritt's only involvement was that he wrote a supplement to Deputy Moses's report in which he stated, "I agree with the authored report generated by Deputy Moses and the actions taken." Dkt. 33-1, at 55; see Dkt. 33 ¶ 64 (referencing Cpl. Merritt's supplement). Bello does not claim that Cpl. Merritt had any other involvement in this incident or, in particular, that Cpl. Merritt had any interaction with Bello.

      Sgt. Franjesevic also wrote a supplement to Deputy Moses's report:

> I was notified and responded. I agree with the actions taken by staff as outlined in this report. Inmate Nogueda was medically evaluated for his alleged, "chest pains" by Nurse Hilery and cleared to remain in his current housing assignment. Kiosk Case Message is attached to this report. Acting Shift Commander, Sergeant Vieno was notified.

Dkt. 33 ¶ 67 (quoting Dkt. 33-1, at 55). See also id. ¶ 68 (same). Bello claims that Sgt. Franjesevic's use of male pronouns and "mocking scare-quotes" in his report violates the Constitution. Id. ¶ 69.

      For her part, Sgt. Vieno had no involvement in this incident. According to the amended complaint, all Sgt. Vieno did was receive a report of it. Id. ¶¶ 67 & 70.

      The second basis for Bello's suit against these three defendants is that Cpl. Merritt "confiscated" Bello's undergarments when she was placed on close observation status by a mental health counselor. According to the amended complaint,

2

> Inmate Bello-Nogueda was seen by LMHC Dixon in her office on the 6th floor. Per LMHC Dixon, Bello-Nogueda was placed on Close Observation status. Utilizing the Attorney Visitation room for privacy, his personal undergarments were confiscated by me. He was then seated adjacent to the Officer's Station in the 6th floor hallway and kept under constant observation. Once his relocation was scheduled in JIMS, I escorted him to Pre-Housing to await transport to the Healthcare Building. All of his personal property was inventoried and sent to the Property Room. Classification Specialist Widau authorized the relocation in JIMS. Sergeant Franjesevic was notified.

Id. ¶ 73 (quoting Dkt. 33-1, at 59). Sgt. Vieno and Sgt. Franjesevic had no involvement with this incident; they only approved Cpl. Merritt's report. Id. ¶¶ 76-77 (citing Dkt. 33-1, at 59).

Except as described above, Bello does not claim that Sgt. Franjesevic or Cpl. Merritt had any other involvement with her or, in particular, any involvement in any of the alleged acts or omissions that form the bases for Counts IV and V. See id. ¶¶ 182 & 206; see also Dkt. 35, at 2-3 (summarizing the bases for the individual liability claims in Counts IV and V). Those claims are subject to dismissal for the reasons set forth by Deputy Cox in his motion to dismiss, Dkt. 35, which Sgt. Franjesevic and Cpl. Merritt join in, adopt, and incorporate into this motion. Additionally, Bello's claims based on her not being addressed by her preferred pronouns are subject to dismissal for the reasons set forth in Deputy Moses's motion to dismiss, Dkt. 40, at 2-3, and claims founded on the denial of Bello's preferred clothing items are subject to dismissal for the reasons set forth in Deputy Berje's motion to dismiss, Dkt. 41, at 2-3, both of which are joined in and incorporated. See

also <u>Hood v. Department of Children & Families</u>, No. 2:12-cv-637-FtM-29, 2015 WL 686922, at *3 (M.D. Fla. Feb. 18, 2015) ("[T]he Court has no[t] found authority indicating that a transgender person has the right to choose the clothing worn while confined . . . .").

Similarly, the claims against all three of these defendants based on Bello's allegations that they are supervisors or ratified the conduct of others are subject to dismissal for the reasons set forth in the motion to dismiss filed by Col. Danzig and Capt. Napier. Dkt. 36, at 3-8. Sgt. Vieno, Sgt. Franjesevic, and Cpl. Merritt join in, adopt, and incorporate that motion into this one.

Accordingly, the Court should dismiss the claims for relief against Sgt. Vieno (Counts IV and V) and Sgt. Franjesevic and Cpl. Merritt (Counts IV, V, VI, and VII) and grant such other relief as it deems just and appropriate.

                                                  Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Sgt. Vieno, Sgt. Franjesevic, and Cpl. Merritt

4

5

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on October 13, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                                          /s/ Paul G. Rozelle