UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS BELLO NOGUEDA,
  a/k/a Karla Bello,

        Plaintiff,

vs.                            Case No. 8:20-cv-02005-TPB-AEP

ROBERT A. GUALTIERI, et al.

        Defendants.
_____/

**MOTION OF DEFENDANT PINELLAS COUNTY
SHERIFF'S OFFICE TO DISMISS FOR FAILURE TO PROSECUTE**

The Pinellas County Sheriff's Office moves the Court under Fed. R. Civ. P. 41(b) and Local Rule 3.10(a) for an order to show cause why this case against it should not be dismissed for failure to prosecute. The grounds for this motion are further stated below.

**MEMORANDUM OF LAW**

**I.    RELEVANT BACKGROUND**

    1.    This is a § 1983 case brought by Carlos Bello Nogueda, a transgender former inmate at the Pinellas County Jail who goes by "Karla Bello." Bello sued the Pinellas County Sheriff's Office and more than a dozen other defendants claiming that the conditions of her confinement were unconstitutional.

    2.    The PCSO moved to dismiss contending that, among other things, it is not a legally cognizable entity amenable to suit separate and apart from Sheriff Bob

Gualtieri, who is also a defendant in this case and is named in both his individual and official capacities. Dkt. 7, at 3-4.

    3.    After the time for Bello to respond to the PCSO's motion to dismiss expired, Bello filed an amended complaint. Dkt. 33. The amended complaint does not list the PCSO in the style of the case, identify the PCSO as a party, or state any claim for relief against it.

    4.    The day after Bello filed the amended complaint, the undersigned counsel contacted Bello's counsel and asked that she dismiss the PCSO. She agreed but, more than three weeks later, she has not done so. Dkt. 49-1, at 1.

    5.    On October 20, 2020, the Court denied the PCSO's motion to dismiss as moot because Bello filed an amended complaint. Dkt. 46. See Standard Chlorine of Del., Inc. v. Sinibaldi, 821 F. Supp. 232, 239-40 (D. Del. 1992) (finding that amended complaint renders motion to dismiss the original complaint moot). The PCSO remains an active party to the case on the Court's docket.

## II. DISMISSAL FOR FAILURE TO PROSECUTE IS WARRANTED

This Court has "inherent power" to clear its docket of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). See Ames v. Standard Oil Co. (Ind.), 108 F.R.D. 299, 301 (D.D.C. 1985) ("The federal courts possess undisputed authority to control their dockets and to dismiss those cases that plaintiffs fail to prosecute."). This power is reflected in Fed. R. Civ. P. 41(b), which states that "a defendant may move to dismiss the action or any claim against it . . . [i]f the

plaintiff fails to prosecute." Id.  It is also ensconced in the Local Rules of this Court, which provide that

> [w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

L.R. 3.10(a).  See Ferguson v. Gettel Acura, No. 8:16-cv-3460, 2018 WL 702971, at *4 (M.D. Fla. Jan. 18, 2018) ("It is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution.").

Bello correctly omitted the PCSO from her amended complaint because any claim against it is frivolous for the reasons stated in the PCSO's motion to dismiss. Furthermore, she agreed to dismiss the PCSO and should honor her commitment. Accordingly, the PCSO requests this Court dismiss it from this case and grant such other relief it deems just and proper.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for the PCSO

3

## **CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on October 22, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                /s/ Paul G. Rozelle