UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

                                  Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.

        Defendants.
_____/

### REPLY BRIEF OF DEPUTY COX IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to the Court's order, Dkt. 55, Deputy Cox files this brief in further support of his motion to dismiss the amended complaint, Dkt. 35, and in reply to the plaintiff's response to that motion, Dkt. 47. Bello claims that Deputy Cox violated the Constitution and should be denied qualified immunity because

> [i]f it is clearly a violation of the Fourteenth Amendment to not allow a transgender student to use a bathroom consistent with his gender, then surely it is a violation of the Fourteenth Amendment to force a female transgender detainee to strip for a male deputy and give him her underwear . . . .

Dkt. 47, at 8.

First, Bello does not claim in the amended complaint or in her response to the motion to dismiss that Deputy Cox ever "force[d] a female transgender detainee to strip . . . and give him her underwear. . . ." Dkt. 47, at 8. Bello's failure to allege Deputy Cox's personal involvement in any allegedly unconstitutional conduct

requires his dismissal. Rendon v. Fulton County Sheriff, 808 F. App'x 961, 962-63 (11th Cir. 2020) (per curiam). The only averment in the amended complaint concerning Deputy Cox is identical to the sole averment concerning him in the original complaint. Compare Dkt. 1 ¶ 76, with Dkt. 33 ¶ 75. Bello's two attempts at pleading fail to demonstrate any factual basis for haling Deputy Cox into court. Further amendment would be futile; dismissal is warranted.

Second, Bello's sole basis for Deputy Cox's constitutional liability is unburdened by citation, illustrating his entitlement to qualified immunity. Even if the Court found merit in Bello's novel argument that a cisgender male detention deputy violates the Constitution by conducting a strip search of a transgender female inmate, Deputy Cox would still be entitled to qualified immunity because this Court would be the first in the country to find the Constitution embodies such a right. "If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Finally, Bello's invitation that the Court should decline to rule "at such an early stage of these proceedings," Dkt. 47, at 9, invites reversible error. Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."); Harlow, 457 U.S. at 818 (holding threshold question of whether the law at that time was clearly established "is resolved, discovery should not be allowed").

See <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985) (holding that qualified immunity is "*immunity from suit* rather than a mere defense to liability"); <u>Howe v. City of Enterprise</u>, 861 F.3d 1300, 1302-03 (11th Cir. 2017) (per curiam) (reversing trial court's reservation on qualified immunity raised on motion to dismiss). Delay would serve no purpose, even were it proper: Discovery cannot change the state of the law or whether it was clearly established in December 2019. Deputy Cox is entitled to qualified immunity.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Dep. Steve Cox, Jr.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 23, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle
