UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

                    Plaintiff,

                                        Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.,

                    Defendants.
_____/

**REPLY BRIEF OF DANZIG AND NAPIER IN FURTHER SUPPORT OF
THEIR MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to this Court's order, Dkt. 55, Col. Danzig and Capt. Napier file this

brief in further support of their motion to dismiss the amended complaint, Dkt. 36,

and in reply to the plaintiff's response to that motion, Dkt. 53.

Bello's basis for her claims against Col. Danzig and Capt. Napier is that they

were "both specified" in reports authored by others.  Dkt. 53, at 6-7.  In short, their

names were typed on two reports after the events reported on took place.  Dkt. 33

¶¶ 70 & 79; Dkt. 33-1, at 55 & 59.  Bello does not claim they had any involvement in

the conduct in issue or even that they witnessed it.  The lack of any averment

concerning their personal participation in the events bars their individual liability as

supervisors.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

In the absence of averments of personal participation, Bello concedes in her

response that supervisory liability for constitutional violations requires "a causal

connection between the actions of a supervising official and the alleged constitutional deprivation," which is "established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation omitted). Bello further concedes that she must demonstrate a history of prior, widespread abuse that would have put Col. Danzig and Capt. Napier on notice of the unconstitutional deficiency in question and, in light of that notice, that they nevertheless failed to act. Dkt. 53, at 9-10. Prior, similar, repeated misconduct that remains unaddressed is the hallmark of supervisory liability; anything less is an impermissible vicarious liability claim. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted).

Fatal to the viability of Bello's supervisory liability claims against Col. Danzig and Capt. Napier is the absence of any such allegations. Bello baldly claims in her response that she "has shown multiple reports consisting of flagrant constitutional abuses. . . ." Dkt. 53, at 10. However, the two alleged "reports" of "flagrant constitutional abuses" concern Bello herself. Bello claims that because these incidents happened to her, they "are clearly the 'norm' and policy of the County Jail . . . ." Id. No legal authority supports this novel proposition. Hartley and its progeny expressly prohibit it. See, e.g., Gray ex rel. Alexander v. Bostic, 458 F.3d

2

1295, 1308 (11th Cir. 2006) ("[T]o be sufficient to notify the supervisor, the deprivations must not only be widespread, they also must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.") (quotation omitted).

The case Bello cites in support of her argument that the defendants can be held liable as supervisors, N.R. by Ragan v. Sch. Bd. of Okaloosa County, Fla., 418 F. Supp. 3d 957 (N.D. Fla. 2019), illustrates the deficiencies in Bello's attempt to plead a cognizable constitutional claim.  That case involved school officials who ignored two years of "blatant" abuse of disabled children that was reported directly to them but that was ignored and, "in at least one instance, actively suppressed . . . ."  Id. at 982-83.  The supervisors in N.R. ignored prior reports of "a litany of separate incidents of physical abuse," ignored the results of damning internal investigations, failed to report the abuse to DCF as required, and did not take any action to protect the abused students.  Id. at 983-85.  Unsurprisingly, the district court found that these allegations stated a claim for supervisory liability sufficient to survive a motion to dismiss.  Id.

Unlike in this case, in N.R., there were clear, specific allegations of prior, long-standing illegal conduct known to the supervisors combined with "a pattern of dismissiveness and intimidation towards the numerous . . . employees who reported [the] abusive conduct."  Id. at 983.  In contrast, Bello's sole basis for supervisory liability is that the defendants' names appeared on two reports made four days apart after all of the allegedly unconstitutional conduct had already taken place.  Dkt. 33-1,

at 55 & 59.  There are no allegations in the amended complaint that anyone other than Bello was allegedly subjected to unconstitutional treatment.  There are no averments of any prior misconduct putting the defendants on notice.  The amended complaint contains no averments of prior abuse, let alone the required "widespread abuse."  See, e.g., McDowell v. Brown, 392 F.3d 1283, 1290, 1302 (11th Cir. 2004) (necessary to show a persistent and widespread practice; random acts or isolated incidents insufficient); Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986) (random acts or isolated incidents are insufficient to establish a policy or custom).

Finally, Bello abandons the claim for relief pleaded in Count VI of the amended complaint — i.e., that Col. Danzig and Capt. Napier ratified the conduct complained of.  See Dkt. 36, at 3-6 (arguing for dismissal of Count VI for failure to state a claim).  Nowhere in her response does Bello address the defendants' motion to dismiss the ratification claim.  Bello's abandonment of this claim for relief, standing alone, warrants dismissal of Count VI.  Gore v. Jacobs Eng'g Grp., 706 F. App'x 981, 985-86 (11th Cir. 2017) (per curiam) (affirming dismissal of claim for relief on motion to dismiss where plaintiff failed to address it in response to motion to dismiss); Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1325-26 (11th Cir. 2000) ("[F]ailure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned.").  The defendants' motion to dismiss should be granted.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL    33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Col. Danzig, Capt.
Napier, Ms. Dixon, and Ms. Hilery

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 27, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle