UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

                    Plaintiff,

                                                    Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.,

                    Defendants.

_____/

## MOTION TO STRIKE PLAINTIFF'S UNTIMELY RESPONSES

On October 27, 2020, the plaintiff responded to two motions to dismiss a day late.  Dkt. 58 & 59.  The undersigned counsel contacted Bello's counsel, informed her of the deficiency, and inquired of her plan for remedying it.  Dkt. 64-1, at 2.  In response, Bello's counsel wrote that her "'solution' as to these filings is to do *nothing*, and that is how the Court will address them as well" because "the Court is <u>not</u> going to strike pleadings filed mere *minutes* after midnight."  Id. at 1.

A party may not independently extend any deadline imposed by the Federal Rules of Civil Procedure; it is only the Court that can grant or deny such relief.  Fed. R. Civ. P. 6(b).  If Bello's counsel needed additional time to file her responses, she should have either (1) filed a motion for extension of time, prior to the expiration of the deadline imposed or (2) contemporaneously with or before the filing of the responses, filed a motion for permission to file them out of time — both in accordance with Local Rule 3.01.  Although Bello's counsel had adequate time to do

so, she took neither available path for relief and, instead, ignored the Rules and claimed that the Court would countenance her conduct.  Dkt. 64-1, at 1.

More troubling than mere late filings is that Bello's counsel filed the responses without saying anything to anyone and insisted on her right to do so.  While any of us may inadvertently miss a deadline, brazenly asserting the right to flout the Federal Rules of Civil Procedure should not be permitted.  See L.R. 2.04(h) ("Attorneys . . . should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay.").

Courts have "inherent power to control the proceedings and the conduct of the parties involved."  In re Mroz, 65 F.3d 1567, 1574 (11th Cir. 1995) (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).  The Court should strike the late-filed responses, Dkt. 58 & 59, and grant such other relief deemed just and appropriate.

**RULE 3.01(g) CERTIFICATE**.  On October 27, 2020, counsel for the plaintiff advised that she objects to the relief sought in this motion.  See Dkt. 64-1.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Dep. Moses, Ms. Widua, and Ms. Holler

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle