UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
 a/k/a Karla Bello,

        Plaintiff,

vs.                                      Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.,

        Defendants.
_____/

**REPLY BRIEF OF DEPUTY BERJE IN FURTHER SUPPORT OF
HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Under this Court's order, Dkt. 55, Deputy Berje files this brief in further support of his motion to dismiss, Dkt. 41, and in reply to Bello's response to that motion, Dkt. 57.

Bello sues Deputy Berje for only two reasons. The first is because Deputy Berje "was involved in the December 6, 2019 Incident where the Plaintiff's undergarments were 'confiscated.'" Dkt. 57, at 10. However, Bello's only allegation in the amended complaint is that Deputy Berje was "listed as being involved with Report 206012." Dkt. 33 ¶ 75. Neither the amended complaint nor the report Bello attached to it mention anything that Deputy Berje did in connection with that incident. See Dkt. 33-1, at 59. Merely having one's name typed on a report is an insufficient factual basis on which to found a § 1983 claim. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (requiring allegations of personal participation "through . . .

individual actions" in unconstitutional conduct to state individual liability constitutional claim).

The second basis for Bello's lawsuit against Deputy Berje is that he "was the person who disciplined the Plaintiff for attempting to self-treat her gender dysphoria the only way that she could, by applying colored pencils to her eyebrows." Dkt. 57, at 10. The "discipline" Bello claims was unconstitutional was that Deputy Berje "verbally counseled [Bello] that this is not allowed and will not be tolerated." Dkt. 33 ¶ 81 (quoting Dkt. 33-1, at 20).

Bello's thirteen-page response contains no citation to authority for the proposition that denying an incarcerated transgender inmate access to makeup is unconstitutional. There is none. No case has ever held that the Constitution embodies such a right. Courts considering the issue have rejected Bello's argument, including the Eleventh Circuit in Keohane v. Florida Dep't of Corr. Sec'y, 952 F.3d 1257 (11th Cir. 2020), which held that the failure of corrections officials to provide social-transitioning self-care items, including makeup, did not show deliberate indifference to a serious medical need and, therefore, was not constitutionally required. Id. at 1275, 1279. This Court reached a similar conclusion in Hood, finding no "authority indicating that a transgender person has the right to choose the clothing worn while confined . . . ." Hood v. Department of Children & Families, No. 2:12-cv-637-FTM-29, 2015 WL 686922, at *3 (M.D. Fla. Feb. 18, 2015) (citing Murray v. United States Bureau of Prisons, 106 F.3d 401, 1997 WL 34677, at *2 (6th Cir. 1997) (per curiam)).

There is no constitutional right for anyone, regardless of his or her gender identity, to wear makeup in jail.  The United States Supreme Court, the Eleventh Circuit, and the Florida Supreme Court have never found such a right.  The absence of authority, let alone the lack of clearly established law from precedental courts, entitles Deputy Berje to qualified immunity on Bello's claims for relief as a matter of law.  Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 955 (11th Cir. 2003).

Bello's citation in her response to the Ninth Circuit case of Edmo v. Corizon, Inc., 935 F.3d 757 (9th Cir. 2019) (per curiam), is unavailing.  Dkt. 57, at 8.  Setting aside that the Ninth Circuit cannot clearly establish the law in the Eleventh, Thomas, 323 F.3d at 955, Edmo addressed whether gender confirmation surgery (sometimes called sex reassignment surgery) was medical necessary for an inmate serving a long prison sentence who had repeatedly attempted self-castration.  Id. at 772-73.  Edmo lacks the requisite material, factual similarity to Bello's circumstances sufficient to have put Deputy Berje on notice that it was clearly unconstitutional to deny Bello access to colored pencils she could use as make-shift makeup.  To strip Deputy Berje of qualified immunity, Bello must show that binding precedent had "developed in such a concrete and factually defined context" to make it "obvious to all reasonable government actors, in the defendant's place, that what he [was] doing violate[d] federal law."  Priester v. City of Riviera Beach, 208 F.3d 919, 926 (11th Cir. 2000) (citation and quotation marks omitted).  Bello has failed to marshal any factually similar, binding, authority for her novel propositions.  Deputy Berje is entitled to qualified immunity and this case should be dismissed.

                Respectfully submitted,

                /s/ Paul G. Rozelle
                Paul G. Rozelle
                FBN: 75948
                10750 Ulmerton Road
                Largo, FL   33778
                Telephone:  (727) 582-6274
                Facsimile:   (727) 582-6459
                *prozelle@pcsonet.com*
                *amarcott1@pcsonet.com*
                Attorney for Deputy Berje

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                /s/ Paul G. Rozelle