UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

vs.

        Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.,

        Defendants.
_____/

**REPLY BRIEF OF DEPUTY MOSES IN FURTHER SUPPORT OF
HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to this Court's order, Dkt. 55, Deputy Moses files this brief in further support of his motion to dismiss the amended complaint, Dkt. 40, and in reply to the plaintiff's response to that motion, Dkt. 58.

While Bello bemoans Deputy Moses's "complete failure to address the Plaintiff's gender dysphoria in *any* way," Dkt. 58, at 5, she points to only three acts that she claims constitute his unconstitutional conduct forming the basis for this lawsuit. The first is that Deputy Moses "was involved in the December 2, 2019 Incident where the Plaintiff, suffering from the inevitable and debilitating severe chest pains that accompany withdrawal from her transgender hormone therapy treatment, was denied medical care by the Defendant . . . ." Dkt. 58, at 9. This claim is belied by the allegations in Bello's own amended complaint. As the amended complaint and the report attached to it state in some detail, when Bello

complained of chest pains, Deputy Moses promptly contacted a supervisor and a nurse and ensured that Bello was brought to see the nurse. Dkt. 33 ¶¶ 62-64; Dkt. 33-1, at 55-56.

On its face, the amended complaint does not state a deliberate indifference claim or establish that Deputy Moses acted in derogation of clearly established law. According to the amended complaint, Deputy Moses provided care and treatment to Bello when she asked for it; he was not indifferent to and did not ignore Bello's medical needs. See <u>Johnson v. Moody</u>, 206 F. App'x 880, 884 (11th Cir. 2006) (per curiam) (holding that immediately reporting incident and escorting inmate to the Health Services Unit did not constitute deliberate indifference); cf. <u>Bozeman v. Orum</u>, 422 F.3d 1265, 1272 (11th Cir. 2005), abrogated on other grounds by <u>Kingsley v. Hendrickson</u>, 576 U.S. 389 (2015) (jail guards waited 14 minutes before summoning medical attention for "lifeless" inmate). Because Deputy Moses did not violate the Constitution or clearly established law in providing medical care to Bello, any constitutional claim should be dismissed for failure to state a claim and because he is entitled to qualified immunity.

Second, Bello claims that her "suffering was then mocked in the accompanying report" by Deputy Moses. Dkt. 58, at 9. Bello does not cite any case holding that the failure to use an inmate's preferred pronouns violates the Constitution. The only authority Bello cites for her novel proposition is "the Florida Bar, in Florida Rule of Professional Conduct 4-8:4(d), [which] considers such

conduct to be a professional violation." Dkt. 58, at 5-6. Bello's lawyer apparently received this opinion herself from the bar's Ethics Hotline. Id. at 6 n.2.

A plaintiff's lawyer's telephone conversations do not constitute clearly established law sufficient to strip Deputy Moses of his entitlement to qualified immunity. When decisional law is required for prior notice, the law can only be clearly established by decisions of the United States Supreme Court, Eleventh Circuit, or the highest court of the state where the case arose. See <u>Jenkins ex rel. Hall v. Talladega City Bd. of Educ.</u>, 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Furthermore, Bello's rejection of the Fifth Circuit's holding in <u>United States v. Varner</u>, 948 F.3d 250, 254-55 (5th Cir. 2020) is misplaced. See Dkt. 58, at 5-6. While out-of-circuit cases cannot clearly establish the law in the Eleventh Circuit, "cases decided outside this Circuit can buttress our view that the applicable law was *not* already clearly established." <u>Youmans v. Gagnon</u>, 626 F.3d 557, 565 (11th Cir. 2010) (per curiam). No law supports Bello's argument that Deputy Moses violated the Constitution by referring to her with the wrong pronouns in a report and, therefore, he is entitled to qualified immunity.

Third, Bello claims that Deputy Moses "was the person who disciplined [her] (and suggested "progressive discipline" in the future) for "becoming extremely irate" and "yelling . . ." because she was not getting the hormone replacement therapy she demanded. Dkt. 58, at 9. As noted above, the amended complaint states that Deputy Moses promptly provided Bello with access to medical care when she asked for it. Bello cites no authority for the proposition that verbally counseling an inmate

who is "yelling" and "becoming extremely irate" violates the Constitution. See Moncher v. Hailman, No. 5:12-cv-676-OC-29PRL, 2013 WL 375448, at *2 (M.D. Fla. Jan. 31, 2013) ("No legal authority supports Plaintiff's claim that using 'harsh words' toward a prisoner constitutes a constitutional violation.")

Finally, Bello appears to have abandoned her claim for relief against Deputy Moses based on his conducting a pat-frisk of her prior to her being taken to see the nurse. Nowhere in Bello's response does she address this issue. As noted in his motion to dismiss, Dkt. 40, at 3-4, no authority supports Bello's claim that the Constitution prohibits cross-gender pat frisks or requires that a transgender inmate be pat-frisked only by a guard of a particular sex or gender identity. Deputy Moses is entitled to qualified immunity.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL 33778
Telephone: (727) 582-6274
Facsimile: (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Deputy Moses

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle