UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

vs.                                  Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.,

        Defendants.
_____/

**REPLY BRIEF OF MS. WIDUA AND MS. HOLLER IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to this Court's order, Dkt. 55, Ms. Widua and Ms. Holler file this brief in further support of their motion to dismiss the amended complaint, Dkt. 39, and in reply to the plaintiff's response to that motion, Dkt. 59.

Bello claims in her response "that Widua was involved in the December 6, 2019 Incident where the Plaintiff's undergarments were "confiscated." Dkt. 59, at 7. The extent of Ms. Widua's alleged "involvement" is merely that her name is typed on a report. See Dkt. 33-1, at 59. Contrary to the bald claims in Bello's response, Ms. Widua had no "involvement" in that incident. Bello does not claim that she was present for it, witnessed it, or participated in it. According to the document attached to her amended complaint, Ms. Widua — a classification specialist — only "authorized [Bello's] relocation in JIMS." Id. "JIMS" is the Jail Inmate Management System. Dkt. 33-1, at 15 (showing Bello's movement history printout

from the Jail Inmate Management System).  In short, Bello claims that Ms. Widua violated the Constitution because she documented in a computer system used to track the location of inmates within the jail that Bello was being transferred from general population to the healthcare building.  Id. at 59.  Bello's twelve-page response does not cite a single case holding that an inmate records clerk can be held constitutionally liable for her entries in the inmate's housing record.  The complete absence of case law concerning any of the constitutional rights Bello claims were clearly established entitles Ms. Widua to qualified immunity.  Bello's amended complaint also fails to state in what respect her transfer from general population to the healthcare building violated the Constitution or how Ms. Widua had any personal, participatory role in that allegedly unconstitutional act.  The lack of any averment concerning her personal participation in unconstitutional conduct bars her liability under § 1983.  See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

As for Ms. Holler, Bello's response claims she violated the Constitution in two respects.  The first is that she "approved and ratified the placement of the Plaintiff 'on Psych Observation.'" Dkt. 59, at 7.  Bello's attempt to hold Ms. Holler responsible for the alleged decisions of her subordinates is impermissible vicarious liability.  Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978) (rejecting vicarious liability as a viable basis for a § 1983 claim).

The only other basis Bello's response advances is that Ms. Holler "approved multiple reports regarding the psychological abuse effected upon the Plaintiff."

2

Dkt. 59, at 10.  Nowhere does Bello claim that Ms. Holler ever had contact with her or personally participated in any of the allegedly unconstitutional conduct delineated in the amended complaint.  Bello's only allegation is that Ms. Holler approved reports, which is nothing more than a vicarious liability claim that is expressly barred by binding precedent.  <u>Monell</u>, 436 U.S. at 691; <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999).  Dismissal is warranted.

        Respectfully submitted,

        /s/ Paul G. Rozelle
        Paul G. Rozelle
        FBN: 75948
        10750 Ulmerton Road
        Largo, FL   33778
        Telephone:  (727) 582-6274
        Facsimile:  (727) 582-6459
        *prozelle@pcsonet.com*
        *amarcott1@pcsonet.com*
        Attorney for Ms. Widua and Ms. Holler

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

        /s/ Paul G. Rozelle