UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

      Plaintiff,

                                                    Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.,

      Defendants.
_____ /

**REPLY BRIEF OF SGT. VIENO, SGT. FRANJESEVIC, AND CPL. MERRITT IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to this Court's order, Dkt. 55, Sgt. Jennifer Vieno, Sgt. Jason Franjesevic, and Cpl. Richard Merritt, file this brief in further support of their motion to dismiss the amended complaint, Dkt. 42, and in reply to the plaintiff's response to that motion, Dkt. 60.

First, Bello claims in her response that "the state of the law . . . was that transgender women must be permitted to access the same undergarments, hair-length policy, and makeup items available for non-transgender women in jail facilities." Dkt. 60, at 6 (bolding and underlining removed). This is incorrect. No precedental court has ever held the Constitution requires these things. One case — later-vacated — from one of the 94 federal district courts does not constitute clearly established law. Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 955 (11th Cir. 2003).

Second, Bello's response concerning the specific conduct of these three defendants does not contain a single case citation supporting her arguments for constitutional liability. Dkt. 60, at 10-12. No case has ever held that having one's name typed on a report, standing alone, creates constitutional liability. See Dkt. 33-1, at 55 (listing Sgt. Vieno as the shift commander). No case has ever held that making a report in which a supervisor indicates agreement with the actions taken by a subordinate creates constitutional liability. Id. (documenting Cpl. Merritt's agreement with Dep. Moses's report). No case has ever held that "mock[ing]" an inmate in a report by using male pronouns to refer to a transgender female creates constitutional liability. Dkt. 60, at 11 (quoting Dkt. 33-1, at 55). The amended complaint contains no factual averments from which constitutional liability can flow. And Bello's response contains no legal authority that operates to strip the defendants of qualified immunity for violating clearly established law.

Third, Bello's ratification claim fails as a matter of law because it does not aver the necessary elements of a ratification claim. See Dkt. 36, at 3-8. It also fails because, to succeed, the defendants would have to "ratify" unconstitutional conduct and that did not happen here. The conduct in question is the denial of hormone replacement therapy, which no precedental court has ever held to be constitutionally required in a county jail for any transgender inmate, let alone one who, like Bello, was not prescribed hormone replacement therapy prior to her incarceration.

Fourth, Bello's claims that "all three Defendants were involved in the December 6, 2019 Incident where Merritt stripped and humiliated the Plaintiff for

2

her attempts at self-care for her serious medical need of gender dysphoria, and where Merritt then "confiscated" her undergarments." Dkt. 60, at 12, citing Dkt. 33-1, at 59 (bolding removed).  Sgt. Vieno's only "involvement" in this incident is having her name typed on a report.  Sgt. Franjesevic's only "involvement" is agreeing with it, after the fact.  And Cpl. Merritt, "[u]tilizing the Attorney Visitation room for privacy . . . confiscated" Bello's "personal undergarments."  Id.  No case law has held that any of these actions clearly violates the Constitution.

     Finally, Bello claims in her response that Sgt. Vieno, Sgt. Franjesevic, and Cpl. Merritt are constitutionally liable because they "approved multiple reports regarding the psychological abuse effected upon the Plaintiff, the denial of medical care to address the Plaintiff's serious medical needs or to treat the withdrawal symptoms from their failure to provide her those medications."  Dkt. 60, at 15.  Approving reports is no more a basis for municipal liability than it is for individual liability.  Either way, the claim fails because the Supreme Court prohibits vicarious constitutional liability.  <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).  Dismissal is warranted for failure to state a claim and because the defendants are entitled to qualified immunity.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Sgt. Vieno, Sgt. Franjesevic, and Cpl. Merritt

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle