UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
　a/k/a Karla Bello,

　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.,

　　　　　Defendants.
　　　　　　　　　　　　　　　/

**REPLY BRIEF OF SHERIFF GUALTIERI IN FURTHER SUPPORT
OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to this Court's order, Dkt. 55, the Sheriff files this brief in further support of his motion to dismiss the amended complaint, Dkt. 43, and in reply to the plaintiff's response to that motion, Dkt. 62.

First, in the absence of a viable constitutional claim against an individual defendant, there can be no municipal liability claim against the Sheriff. Case v. Eslinger, 555 F.3d 1317, 1328 (11th Cir. 2009) (holding that absent a violation of plaintiff's rights by officer, no damages may be imposed against municipal employer). Bello's failure to plead an actionable constitutional claim against any individual defendant requires dismissal of the Sheriff in his official capacity.

Second, Bello's attachment of a newspaper article to her response is improper because it is outside the four corners of her amended complaint. No case supports Bello's argument that a court can deny a motion to dismiss because of "evidence"

the plaintiff attaches to a response to a motion to dismiss. Indeed, the Federal Rules and Eleventh Circuit case law prohibit this. See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) ("A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'").

Regardless, no case supports Bello's position that a newspaper article constitutes an admission of constitutional liability. See Dkt. 62, at 4-5 & 16-17 (claiming that the Sheriff "has already admitted liability"). Rather, the Eleventh Circuit has held that a sheriff's statements at a press conference about an officer-involved shooting cannot serve as the basis for Monell liability because "neither occurred *before* the shooting and neither could have been the *cause* of the injury." Simmons v. Bradshaw, 879 F.3d 1157, 1168 (11th Cir. 2018) (internal quotation omitted). Because the Eleventh Circuit expressly foreclosed Monell liability on the very theories Bello advances here, the Court should dismiss her claim for relief.

Third, even were the county ordinances Bello cites in her reply at pages 14 and 15 applicable to the operation of the jail (and Bello cites no authority for the proposition that they are), county ordinances cannot serve as a basis for constitutional liability. Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 955 (11th Cir. 2003) (enumerating the sources of constitutional law and omitting, among other things, county ordinances).

Finally, Bello's twenty-page response evidences nothing more than that her claims against the Sheriff in his individual and official capacities are impermissible

respondeat superior claims. The gravamen of Bello's claims against the Sheriff is that

> the Defendant and his subordinate Co-Defendants refused to treat the Plaintiff's gender dysphoria in any way, and even refused to stop calling her "Sir" and "Mister" and deliberately refusing to even acknowledge any aspect of her gender identity whatsoever.

Dkt. 62, at 10-11 (bolding and underlining omitted). Bello does not aver in her amended complaint that the Sheriff personally participated in any of these actions, had any contact with Bello, or was present at the jail for any period of time when any of these actions allegedly occurred. Nor does she aver that anyone, other than her, was treated as she claims that she was, let alone that there was such a quantum of unconstitutional prior misconduct sufficient to put the Sheriff on notice of deficiencies in relevant customs or practices. Mechanically reciting the elements of a Monell claim is insufficient to overcome a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Dismissal is warranted.

        Respectfully submitted,

        /s/ Paul G. Rozelle
        Paul G. Rozelle
        FBN: 75948
        10750 Ulmerton Road
        Largo, FL   33778
        Telephone: (727) 582-6274
        Facsimile: (727) 582-6459
        *prozelle@pcsonet.com*
        *amarcott1@pcsonet.com*
        Attorney for Sheriff Gualtieri

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                              /s/ Paul G. Rozelle