UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,
             Plaintiff,

                                Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.,
             Defendants.
_____/

## MOTION TO DISMISS OF THE TEN JOHN AND JANE DOE DEFENDANTS

The ten unidentified John and Jane Doe defendants — fictitious names for deputies working at the Pinellas County Jail — move to dismiss for insufficient process and insufficient service of process under Fed. R. Civ. P. 12(b)(4) & (5) and failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## MEMORANDUM OF LAW

### I.   BACKGROUND

Carlos Bello Nogueda, who is transgender and goes by "Karla Bello," claims she was mistreated while incarcerated in the Pinellas County Jail because the defendants did not provide her with hormone replacement therapy, failed to address her with feminine pronouns, did not allow her to be housed or to use the bathroom with female inmates, and prohibited her from wearing makeup.  Seeking redress for these grievances, Bello sued Pinellas County, Sheriff Gualtieri, and twelve members of the Pinellas County Sheriff's Office (including deputies, health care workers, and

classification employees).  All defendants who have been served have moved to

dismiss.

Bello also sued ten unidentified John and Jane Doe defendants who appear

from the allegations in the amended complaint to be "Sheriff's Deputies and/or

Correctional Officers."  Dkt. 33, at 2.  In her amended complaint, Bello avers that

> Defendants John & Jane Doe Correctional
> Officers/Sheriff's Deputies (1-10) (hereinafter, "Unknown
> Defendants"), are individuals in both supervisory and non-
> supervisory positions, whose names and addresses of
> residences are unknown.

Dkt. 33 ¶ 19.  Bello does not make any factual averments about the "Unknown

Defendants."  Furthermore, despite attaching 61 pages of jail records to her amended

complaint, Bello does not aver why the identities of the ten "Doe" defendants cannot

be ascertained.  None of the ten "Doe" defendants have been served.

## II. THE DOE DEFENDANTS MUST BE DISMISSED FOR FAILURE TO STATE CLAIMS AGAINST THEM

First, there is no provision in the Rules permitting the use of fictitious

defendants; "Doe" pleading is generally improper in federal court.  <u>Richardson v.

Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam); <u>Johnson v. Florida State

Golf Ass'n</u>, No. 8:19-cv-3202-T-60AEP, 2020 WL 2766168, at *2 (M.D. Fla.

May 28, 2020) (Barber, J.).  Unknown persons or entities whose role is known

should be described in the complaint with allegations explaining why a defendant's

real name is unknown, but it is unnecessary and improper to include "Doe" parties

in the pleadings.  <u>Graziose v. American Home Prods. Corp.</u>, 202 F.R.D. 638, 643 (D. Nev. 2001) (finding no provision in the federal rules permitting fictitious defendants).  A motion under Fed. R. Civ. P. 15 to amend the complaint is the appropriate vehicle for adding newly discovered defendants before trial.

In this case, the plaintiff does not say why she cannot identify any of the ten Doe defendants.  Dismissal of the Doe defendants is warranted.  <u>Dean v. Barber</u>, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992) (requiring fictitious defendant to be identified in the complaint with sufficient particularity that he or she could be served); <u>Oliver v. Whitehead</u>, 3:14-cv-1506-J-39JRK, 2017 WL 26860, at *10 (M.D. Fla. Jan. 3, 2017) (dismissing *sua sponte* defendant identified only as "Sgt. John Doe" for failing to describe individual adequately enough to accomplish service).  See <u>Johnson</u>, 2020 WL 2766168, at *2 (same).

Dismissal of the Doe defendants is also warranted because the 51-page amended complaint is devoid of any factual averments concerning not only who they are and why they cannot be identified, but what they did that has any bearing on the seven constitutional claims for relief against them.  None of the 103 paragraphs comprising the plaintiff's factual averments mention any conduct of any of the ten Doe defendants.  Bello's failure to plead sufficient facts concerning the Doe defendants to create "plausible grounds" that her constitutional claims against them are viable requires dismissal.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 561-62 (2007).

III.   **THE PLAINTIFF'S FAILURE TO ISSUE PROPER PROCESS AND EFFECT SERVICE WARRANTS DISMISSAL**

The plaintiff was required to effect service within 90 days of filing the complaint.  Fed. R. Civ. P. 4(m).  She failed to do so.  See Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009) ("Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" (citation omitted)).  Accordingly, dismissal is warranted.

IV.   **CONCLUSION**

The plaintiff's claims for relief against the ten unidentified John and Jane Doe defendants should be dismissed, and the Court should grant such other relief as it deems just and appropriate.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
Senior Associate Counsel
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
prozelle@pcsonet.com
amarcott1@pcsonet.com
Attorney for the John and Jane Doe
defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 1, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle