UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,
          Plaintiff,

                                    Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.,
          Defendants.
_____/

## UNOPPOSED MOTION TO STAY DISCOVERY PENDING DISPOSITION OF THE DEFENDANTS' MOTIONS TO DISMISS BASED ON QUALIFIED IMMUNITY

      The defendants — Pinellas County Sheriff Bob Gualtieri and twelve members of the Pinellas County Sheriff's Office — request that the Court stay discovery as to each defendant until the Court renders a decision on his or her motion to dismiss based on qualified immunity. Fed. R. Civ. P. 26(c). Qualified immunity protects the defendants from the burdens of litigation, including discovery, a protection that is lost without a stay of discovery until their motions to dismiss are decided. This motion is unopposed.

### MEMORANDUM OF LAW

**I.    BACKGROUND**

      This is a § 1983 case against Sheriff Bob Gualtieri (who is sued in both his official and individual capacities) and twelve PCSO deputies, health care workers, and clerical staff. In her seven-count amended complaint, Karla Bello claims that the defendants violated her civil rights during her incarceration in the Pinellas County

Jail.  The defendants moved to dismiss the amended complaint raising their entitlement to qualified immunity.  Dkt. 35-43.  Pinellas County also moved to dismiss, Dkt. 34, as did the ten John and Jane Doe defendants, Dkt. 72.  The motions to dismiss are decisional.

## II. QUALIFIED IMMUNITY FAVORS STAYING DISCOVERY PENDING RESOLUTION OF THE DEFENDANTS' MOTIONS TO DISMISS

"Motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quotation omitted).  "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the likely costs and burdens of proceeding with discovery."  Id. (quotation omitted).

The burden on the defendants of discovery while their motions to dismiss based on qualified immunity are pending is great.  Qualified immunity protects those seeking it not just from liability, but also from the ordinary burdens of litigation including "the burdens of broad-reaching discovery."  Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982).  The Supreme Court has emphasized the importance of resolving the issue of qualified immunity early on in the litigation.  Scott v. Harris, 550 U.S. 372, 376 n.2 (2007) (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)).

In keeping with the purpose of qualified immunity, the Supreme Court held that courts should not allow discovery until the "threshold immunity question is resolved." Harlow, 457 U.S. at 818.  See JERMC, Ltd. v. Town of Redington Shores, No. 8:19-cv-688-T-60AAS, 2020 WL 2850144, at *2 (M.D. Fla. June 2, 2020) (staying discovery pending resolution of motions to dismiss based on qualified immunity).  The Eleventh Circuit has similarly held that "subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." Redford v. Gwinnett County Jud. Cir., 350 F. App'x 341, 346 (11th Cir. 2009) (per curiam) (citing Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004)); see also Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005) (per curiam) (holding district court did not abuse discretion in staying discovery pending resolution of motion to dismiss on qualified immunity grounds).

Here, as in Redford, the threshold question of immunity is raised in the defendants' motions to dismiss and the resolution of those questions disposes of the entire case.  See Allmond v. City of Jacksonville, No. 3:07-cv-1139-J-33TEM, 2008 WL 2704426, at *1 (M.D. Fla. July 8, 2008) ("A request to stay discovery pending a resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case.").  See also McClamma v. Remon, No. 8:12-cv-2557-T-33MAP, 2013 WL 1502190 (M.D. Fla. Apr. 12, 2013) (staying discovery until Court resolves defendants' motions to dismiss raising qualified immunity).  No party will be prejudiced by a stay of discovery because a motion to dismiss tests the legal

sufficiency of a complaint and requires no discovery. Ashcroft v. Iqbal, 556 U.S. 662, 674-75 (2009).

Accordingly, the defendants request that this Court stay discovery as to each defendant until the Court renders a decision on his or her motion to dismiss and that the Court grant such other relief as it deems just and proper.

**Local Rule 3.01(g) Certification**: Before filing this motion, the undersigned conferred with counsel for the plaintiff and Pinellas County who stated that they do not oppose the relief sought in it.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
Senior Associate Counsel
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Sheriff Gualtieri, Col. Danzig, Capt. Napier, Sgt. Franjesevic, Sgt. Vieno, Ms. Holler, Cpl. Merritt, Dep. Moses, Dep. Cox, Dep. Berje, Ms. Widua, Ms. Hilery & Ms. Dixon

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 16, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle