UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS RAUL BELLO NOGUEDA,
a/k/a Karla Bello,

    Plaintiff,

v.                                                  Case No. 8:20-cv-2005-TPB-AEP

SHERIFF ROBERT GUALTIERI, *et al.*,

    Defendants.
_____/

**O R D E R**

        Pending are Bello's first amended complaint under 42 U.S.C. § 1983 (Doc. 33), in which she alleges that the defendants violated her civil rights while detained in the Pinellas County jail, and eleven motions to dismiss. (Docs. 34–43) The pleading names fourteen identified defendants and ten unidentified Does. Although the motions to dismiss by the identified defendants are ripe, the Court's independent review of the first amended complaint finds that the pleading should be stricken. Additionally, the unopposed motion to dismiss (Doc. 72) the Doe defendants will be granted.

        First, because Bello is represented by counsel, the complaint is not entitled to a liberal interpretation as would be required for a complaint filed *pro se*. *See Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*). Although the

factual allegations are accepted as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the factual allegations and reasonable inferences must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, the complaint must assert specific facts of wrongdoing because "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint must allege facts showing the direct involvement of each defendant in civil rights violation. Bello cannot base a Section 1983 claim on *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978). *See also Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). Bello has included in this action individuals for whom Bello asserts no facts showing either a direct involvement in the alleged civil rights violation, or who are merely named in a report, or who appear to have been a supervisor and not directly involved in the subject of this action.

Second, all thirteen of the individually named defendants are represented by the same attorney, who filed nine separate motions to dismiss. No reason is apparent for the filing of separate motions. Absent

some compelling reason, counsel should file a single motion under Rule 12 for the individually named defendants.

Third, Bello has not opposed the motion (Doc. 72) to dismiss the ten John and Jane Does. The first amended complaint asserts no fact alleging the involvement of a Doe defendant, unlike the situation in which a complaint alleges facts showing that an individual was directly involved in an incident and the plaintiff has simply not learned the name of the individual. "As a general matter, fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). *Cf. Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992) ("[T]here may be times when . . . the plaintiff is . . . unable to use a party's real name. Also, one may be able to describe an individual . . . without stating his name precisely or correctly."). Bello may move to amend the action if additional, directly involved individuals are later discovered.

Lastly, the Court will not condone personal attacks between counsel, who are hereby cautioned about the possibility of sanctions. *See, e.g., Peer v. Lewis*, 572 F. App'x 840, 843–45 (11th Cir. 2014) (discussing court's inherent authority to impose sanctions for behavior beyond the reach of Rule 11, Federal Rules of Civil Procedure), *cert. denied*, 574 U.S. 1136 (2015).

**Accordingly**, the motion (Doc. 72) to dismiss the Doe defendants is **GRANTED**. The first amended complaint (Doc. 33) is **STRICKEN**. Bello

shall have **TWENTY-ONE DAYS** to file a second amended complaint, and the defendants have **TWENTY-ONE DAYS** to answer or otherwise respond to the second amended complaint.  The motions ((Docs. 34–43) to dismiss are **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on September 29, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**