UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

                              Case No. 8:20-cv-02005-TPB-AEP

vs.

Robert A. Gualtieri, et al.

        Defendants.

_____/

**REPLY BRIEF OF SHERIFF GUALTIERI IN FURTHER SUPPORT
OF HIS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Pursuant to this Court's order, Doc. 96, Sheriff Gualtieri files this brief in further support of his motion to dismiss the second amended complaint, Doc. 87, and in reply to the plaintiff's response to that motion, Doc. 92.

First, because there is no viable constitutional claim against an individual defendant, there can be no municipal liability claim against Sheriff Gualtieri.  Case v. Eslinger, 555 F.3d 1317, 1328 (11th Cir. 2009) (holding that absent a violation of plaintiff's rights by an individual officer, no damages can be imposed against the municipal employer).  Bello's failure to plead an actionable constitutional claim against any individual defendant requires dismissal of the claims for relief against Sheriff Gualtieri, who is sued only in his official capacity.[1]

_____

[1]  In her complaint and amended complaint, Bello also sued Sheriff Gualtieri individually.  Doc. 1, at 26 (Count IV), 28 (Count V) & 29 (Count VI); Doc. 33, at 40-41 (Count VI) & 45 (Count VII).  The second amended complaint contains no

Second, no case supports Bello's position that a newspaper article constitutes an admission of constitutional liability.  Doc. 92, at 3-5, 9 & 16 (claiming that the Sheriff "has already admitted liability").  Rather, the Eleventh Circuit has held that a sheriff's statements at a press conference cannot serve as the basis for <u>Monell</u> liability because the statements to the media did not "occur[] *before* the [event in question]," the statements could not "have been the *cause* of the injury."  <u>Simmons v. Bradshaw</u>, 879 F.3d 1157, 1168 (11th Cir. 2018) (internal quotation omitted).  Because the Eleventh Circuit foreclosed <u>Monell</u> liability on the theory Bello advances here, the Court should dismiss her claims for relief.

Third, even were the county ordinances Bello cites in her response at page 14 applicable to the operation of the jail (and Bello cites no authority for the proposition that they are), county ordinances cannot serve as a basis for constitutional liability. See <u>Thomas ex rel. Thomas v. Roberts</u>, 323 F.3d 950, 955 (11th Cir. 2003) (enumerating the sources of clearly established constitutional law and omitting, among other things, county ordinances).  "As we have stated," the Eleventh Circuit has explained," only Supreme Court cases, Eleventh Circuit caselaw, and . . . caselaw [from the state court of law resort] can 'clearly establish' law in this circuit." Id.  Bello cites no authority for the proposition that the violation of a county ordinance constitutes or evidences a violation of the United States Constitution.

---

individual claim against Sheriff Gualtieri.  Doc. 84, at 1, 30 ¶ (c), 31, 32-33, 38 & 39 (identifying the nature of the claims as official capacity).

Fourth, Bello cannot base a <u>Monell</u> claim on the Prison Rape Elimination Act of 2003 ("PREA"), 34 U.S.C. §§ 30301-09.  PREA does not provide a private right of action or a federal right that can be enforced in a § 1983 action.  <u>Krieg v. Steele</u>, 599 F. App'x 231, 232-33 (5th Cir. 2015) (per curiam) (collecting cases); <u>Fletcher v. O'Bryan</u>, No. 5:17-cv-146, 2019 WL 573179, at *3 (N.D. Fla. Jan. 25, 2019) (same), report and recommendation adopted sub nom. <u>Fletcher v. O'Bryan</u>, No. 5:17-cv-146, 2019 WL 572045 (N.D. Fla. Feb. 12, 2019).  Accordingly, Bello cannot maintain a <u>Monell</u> claim based on an alleged PREA violation.[2]  See <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 286 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action.").

Fifth, Bello's response evidences that her claims against Sheriff Gualtieri are impermissible *respondeat superior* claims.  The gravamen of Bello's claims against Sheriff Gualtieri is that

> the Defendant and his subordinate Co-Defendants refused to treat the Plaintiff's gender dysphoria in any way, and even refused to stop calling her "Sir" and "Mister[,"] deliberately refusing to even acknowledge any aspect of her gender identity whatsoever.

---

[2]  Bello does not quote from PREA on page 9 and 10 of her response, but rather from the Department of Justice's National Standards to Prevent, Detect, and Respond to Prison Rape Under PREA.  See 28 C.F.R. Part 115.  The National Standards are binding on the Federal Bureau of Prisons and other federal detention facilities.  See 34 U.S.C. § 30307(b), (c) & (d).  The Pinellas County Jail is not part of the Federal Bureau of Prisons or any other federal detention facility.

Doc. 92, at 12 (bolding and underlining omitted).  "In short," Bello writes, "[Sheriff] Gualtieri is the chief policymaker for the purposes of this suit, and as a result, should not be dismissed from this suit."  Id. at 16.  This is vicarious liability, which is prohibited.  <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 691, 694 (1978).

Furthermore, Bello does not aver that anyone, other than her, was treated as she claims that she was, let alone that there was such a quantum of unconstitutional prior misconduct sufficient to put Sheriff Gualtieri on notice of deficiencies in relevant customs or practices.  <u>Khoury v. Miami-Dade County Sch. Bd.</u>, 4 F.4th 1118, 1133 (11th Cir. 2021) (holding that, even assuming unconstitutional conduct by the individual defendants, "'this incident alone does not establish a custom' and [therefore the] <u>Monell</u> claim must fail").  Mechanically reciting the elements of a <u>Monell</u> claim is insufficient to overcome a motion to dismiss.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007).

Finally, this is Bello's third attempt at an initial pleading.  Her third effort is materially the same in all respects as the first two complaints and the Court has already cautioned that she "cannot base a Section 1983 claim on *respondeat superior*."  Doc. 83, at 2.  Dismissal with prejudice is warranted.


[*remainder of page intentionally left blank*]

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
FBN: 75948
Managing Senior Counsel
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
*prozelle@pcsonet.com*
*rreuss@pcsonet.com*
Attorney for Sheriff Gualtieri

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 14, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle