UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Carlos Bello Nogueda,
  a/k/a Karla Bello,

        Plaintiff,

vs.      Case No. 8:20-cv-02005-TPB-AEP

Robert A. Gualtieri, et al.

        Defendants.
_____/

**REPLY BRIEF OF THE INDIVIDUALLY NAMED DEFENDANTS IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Pursuant to this Court's order, Doc. 96, the five individually named defendants — Sgt. Jason Franjesevic, Dep. Chris Moses, Cpl. Richard Merritt, Yvette Dixon, and Darlene Hilery — file this brief in further support of their motion to dismiss the second amended complaint, Doc. 88, and in reply to the plaintiff's response to that motion, Doc. 93.

Bello claims in her response that in December 2019, "the state of the law . . . was that transgender women must be permitted to access the same undergarments, hair-length policy, and makeup items available for non-transgender women in jail facilities." Doc. 93, at 10 (bolding and underlining removed). This is incorrect. No precedental court has ever held that the Constitution requires any of those things.

Bello's reliance on Keohane v. Jones, 328 F. Supp. 3d 1288 (N.D. Fla. 2018), is misplaced. See Doc. 93, at 9-13. The Northern District of Florida is not a

precedental court and, therefore, one of its opinions cannot constitute or evidence clearly established law (even if the Eleventh Circuit had not vacated the opinion in question).[1] See Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 955 (11th Cir. 2003) (holding that only "Supreme Court cases, Eleventh Circuit caselaw, and . . . caselaw [from the state court of law resort] can 'clearly establish' law in this circuit").

Nor can anything in Bostock v. Clayton County, 140 S. Ct. 1731 (2020), Keohane v. Florida Dep't of Corr. Sec'y, 952 F.3d 1257 (11th Cir. 2020), or Adams by & through Kasper v. School Bd. of St. Johns County, 968 F.3d 1286 (11th Cir. 2020),[2] inform the qualified immunity analysis in this case. Setting aside that those cases are not materially similar to Bello's allegations concerning her incarceration in the Pinellas County Jail, all of those opinions were rendered after the events in this case occurred and, therefore, they cannot have put the defendants on prior notice of the unconstitutionality of their alleged conduct. Hope v. Pelzer, 536 U.S. 730, 741 (2002) ("[T]he salient question . . . is whether the state of the law [at the time of the events in issue] gave respondents fair warning that their alleged treatment of Hope was unconstitutional.").

Examining the specifics of the individual defendants' alleged conduct further illustrates the lack of a viable constitutional claim against them as a matter of law.

---

[1] See Keohane v. Florida Dep't of Corr. Sec'y, 952 F.3d 1257 (11th Cir. 2020), vacating Keohane v. Jones, 328 F. Supp. 3d 1288 (N.D. Fla. 2018).

[2] Bello's discussion of Adams at page 12 of her response fails to mention that that opinion was vacated, Adams v. School Bd. of St. Johns County, 3 F.4th 1299 (11th Cir. 2021), and that rehearing en banc is pending, Adams v. School Bd. of St. Johns County, 9 F.4th 1369 (11th Cir. 2021).

No case has ever held that "mock[ing] the Plaintiff's serious medical need" in a report or "deliberately misgender[ing]" someone in a report, Doc. 93, at 10, creates constitutional liability. Nor can constitutional liability exist merely because a supervisor, by the manner in which he drafted a report, "set[s] the standard for how future treatments of this medical condition would be treated." Id. This is the same impermissible vicarious liability claim that the Court already rejected when it struck Bello's amended complaint: "Bello has included in this action individuals for whom Bello asserts no facts showing either a direct involvement in the alleged civil rights violation, or who are merely named in a report, or who appear to have been a supervisor and not directly involved in the subject of this action." Doc. 83, at 2.

Similarly, no case has ever held that referring to someone with the wrong pronouns violates the Constitution. Bello's lawyer's phone call with the Florida Bar Ethics Hotline, Doc. 93, at 17 & n.3, lacks constitutional heft.

Finally, were there a case in any jurisdiction holding that the Constitution requires that hormone replacement therapy be provided to transgender inmates (including inmates, like Bello, who were never prescribed HRT before incarceration), social transitioning self-care items and undergarments, access to female housing, shower, and restroom facilities for transfem inmates, and same-gender searches, then Bello would have alerted the Court to such a case in one of the thirteen briefs she has filed to date, see Doc. 44, 47, 51, 52, 53, 57, 58, 59, 60, 62, 91, 92 & 93, or in the hundreds of case citations embedded in her three complaints, Doc. 1, 33 & 84. There is none.

No amount of additional briefing or discovery can conjure from the Federal Reporter that which does not exist: A case establishing a constitutional right to any of these things and holding that that right was so firmly established in December 2019 that the five individual defendants — and every reasonable official working at a county jail — would have been aware that failing to provide them would violate the Constitution.  Divining what the Constitution requires about the treatment of incarcerated trans people from decisions involving employment discrimination, Doc. 93, at 11-12, public school bathroom access, id. at 12, or the Rules of Professional Conduct, id. at 17, is an insufficient and impermissible legal basis for stripping the defendants of their entitlement to qualified immunity.  It is Bello's burden to show that the defendants violated clearly established law.  <u>Jordan v. Doe</u>, 38 F.3d 1559, 1565 (11th Cir. 1994).  She cannot meet that burden.  The defendants' motion to dismiss should be granted with prejudice.

        Respectfully submitted,

        /s/ Paul G. Rozelle
        Paul G. Rozelle
        FBN: 75948
        Managing Senior Counsel
        Pinellas County Sheriff's Office
        10750 Ulmerton Road
        Largo, FL   33778
        Telephone:  (727) 582-6274
        Facsimile:  (727) 582-6459
        *prozelle@pcsonet.com*
        *rreuss@pcsonet.com*
        Attorney for Sgt. Jason Franjesevic, Dep. Chris Moses, Cpl. Richard Merritt, Yvette Dixon, and Darlene Hilery

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 14, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                              /s/ Paul G. Rozelle